EASTERN DIST.
*April*, 1840.

ROBINSON
*vs.*
ARNET.

═══════════

## ROBINSON *vs.* ARNET.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

Where the plea of forgery is put in, supported by the oath of the party, it requires much stronger evidence to authorize a recovery, than in the ordinary case of a general denial.

So, where the defendant expressly averred on oath, that his signature to the note sued on was a forgery, proof, by witnesses, who had not seen him sign, but who only express their belief of its genuineness, from *its* similarity to signatures which *they had seen*, is insufficient to support the verdict of a jury.

EASTERN DIST.
April, 1840.

ROBINSON
vs.
ARNET.

This is an action against the defendant on his promissory note, purporting to be signed by him, and made payable to the order of the plaintiff, for the sum of six thousand two hundred dollars. The note is dated at New-Orleans, May 2d, 1838. The defendant pleaded a general denial, and expressly averred 'that his signature was a forgery, to which he made affidavit. Upon these pleadings and issues, the cause was submitted to a jury.

The first witness called by the plaintiff, swore that he was acquainted with the parties, had done business with the defendant, and had frequently seen him write and sign his name; on being shown the note, says he would not be positive as to the body of the note, " but as to the signature, *it is the defendant's;* he should take it to be his; his writing is not always uniform."

Other witnesses, who had seen the defendant write and sign his name, testified that they believed the signature to be genuine, and would have taken the note in the belief that it was so.

It was in evidence that the plaintiff had drawn a note to the defendant's order, which he endorsed in the presence of a witness, who states he *believes* the signature to this note is that of the defendant.

It was not shown on what account the note was given, but it was shown that the plaintiff and defendant had been joint owners of the schooner F. Arnet, and in business together in 1836 and 1837. The former sold out his interest in the schooner to defendant, for a valuable consideration. A witness for defendant, states that he had seen a note on which the plaintiff, Robinson, signed the name of the defendant, and came to witness' notarial office, to see if he had authority to do so : " The signature was pretty well imitated, and looked very like the defendant's."

The jury returned a verdict for the plaintiff; and after an unsuccessful effort to obtain a new trial, from judgment confirming the verdict, the defendant appealed.

*Hennen*, for the plaintiff.

*Roselius*, contra.

EASTERN DIST.
*April*, 1840.

ROBINSON
*vs.*
ARNET.

*Morphy, J.*, delivered the opinion of the court.

This suit is brought on a note of six thousand two hundred dollars, payable to plaintiff on demand. The defendant denied having subscribed such note, and averred, under oath, his signature to it to be a forgery. The case was tried by a jury, who gave their verdict in favor of plaintiff. After having vainly attempted to obtain a new trial, the defendant appealed.

Where the plea of forgery is put in, supported by the oath of the party, it requires much stronger evidence to authorize a recovery, than in the ordinary case of a general denial.

So, where the defendant expressly averred, on oath, that his signature to the note sued on was a forgery, proof, by witnesses who had not seen him sign but who only express their belief of its genuineness, from its similarity to signatures which *they had seen*, is insufficient to support the verdict of a jury.

The evidence we find in the record, would, no doubt, fully justify the verdict in the ordinary case of a general denial; but, when a plea of forgery is made, and supported by the oath of the party, it appears to us that much stronger evidence should be required. The proof, by witnesses who have not seen a person write or sign, and who only express their belief or knowledge of the genuineness of the signature in dispute, from its similarity and likeness to signatures of the same person which they have seen, has always, in itself, something rather vague and unsatisfactory, if not corroborated by circumstantial evidence. It might be said to show the accuracy and perfection of the counterfeit, as much as the genuineness of the signature sought to be proved. A plea of forgery necessarily involves that of a want of consideration; and when a controversy of this kind arises between the original parties to a due bill, it is not, perhaps, exacting too much of the party claiming its amount, to require or expect that he should corroborate the ordinary proof of the signature by some evidence of the consideration given for it. Although this note is for a large amount, considering the situation and means of the individuals, as disclosed by the evidence, and although it is not in a negotiable form, the record does not give us the least insight into the circumstances under which it was subscribed by the defendant. No dealings between these persons are shown, which could have produced this indebtedness, except a partnership which formerly existed between them for a small schooner, but which has ceased, and appears to have been settled.

Upon a full examination of the whole record, the evidence has appeared to us rather weak, in a case of this kind, and

has left doubts in our minds as to the correctness of the verdict. We have thought it best to have the case submitted to a second jury. This course will afford both parties the means of introducing additional evidence, and will probably promote the ends of justice, by removing all doubts in the matter.

It is, therefore, ordered that the judgment of the District Court be avoided and reversed, and that this case be remanded for a new trial; the costs of this appeal to be borne by the plaintiff and appellee.