### No. 2007—JOHN HUDDLESTON *v.* MRS. SARAH COYLE.

Where the signature of a party to a promissory note is specially denied under oath, the burden of proof falls upon the holder, who will be bound to produce such evidence as the law requires to enable him to recover on the instrument. C. P. art. 325.

APPEAL from the Seventh Judicial District Court, Parish of Pointe Coupee. *Miller*, J. *Collins*, *Leake* and *Fisher*, for plaintiff and appellee, *Beatty & Yoist*, for defendant and appellant.

·HOWE, J. This action is instituted to recover from the defendant, the widow of B. R. Coyle, the amount of a note alleged to have been executed as follows:

" $1500.          WILLIAMSPORT, LA., November 9, 1861.

" Six months after date we, or either of us, promise to pay to the order of Wright & Allen, at the office of Wright & Allen, in New Orleans, fifteen hundred dollars, value received, with interest at eight per cent. per annum from maturity until paid, being for supplies furnished for the use of my plantation, and payable out of the first shipment of my cotton, which is hereby pledged to this amount.

" B. R. COYLE,<br>" SARAH COYLE."

The plaintiff, indorsee, alleges that Mrs. Coyle executed the note by authorization of her husband, from whom she had been separated in property, and that the note was given for supplies furnished to her plantation.

The defendant denied under oath that she ever signed the note, or authorized the signing in any way, and averred that her alleged signature was forged.

There was judgment for plaintiff, and defendant has appealed.

As stated by counsel for both parties in this case, the issue is narrowed to one point, the question whether the defendant, Sarah Coyle, signed the note in suit.

" The law has expressly provided the kind of evidence which may be produced to counterbalance the express denial of a signature or the averment that it is counterfeited." 9 La. 562.

In such case " the plaintiff must prove the genuineness of such signature, either by witnesses who have seen the defendant sign the act, or who declare that they know it to be his signature, because they have frequently seen him write and sign his name. But the proof by witnesses shall not exclude the proof by experts, or by comparison of writing, as established by the Civil Code." C. P. 325.

When the defendant, sued as maker of a note, denies his signature

John Huddleston v. Mrs. Sarah Coyle.

under oath, the testimony of witnesses who never saw the defendant write or sign his name, and who express their belief in its genuineness merely because it resembles other signatures which they presumed to be his, would not satisfy the requirements of the law. 15 La. 262.

The charge that a private writing has been counterfeited has some weight, and imposes upon the party seeking to enforce the obligation the burden of producing the counterbalancing evidence required by law in such a case. 18 An. 445.

The plaintiff in the case at bar has not produced such evidence. The two witnesses who state, on his behalf, their belief of the genuineness of the signature of Mrs. Coyle, speak of both signatures to the note, and base their belief upon their resemblance to signatures they had before seen in the course of their business, which they presumed to have been genuine. The first says:

" I recognize said signatures as being genuine, having paid many drafts bearing the same signatures, and never disputed by either party."

The second says:

"I recognize said signatures as being genuine on the ground that I have often and often seen said signatures." But when interrogated as to whether both signatures to the note were not written by the same person, he replies, " I cannot say."

Nor has the plaintiff furnished any "proof by experts or by comparison of writing, as established by the Civil Code." It results, then, that he has not complied with a single requirement of art. 325 C. P.

The wisdom of the rules established by law on this subject, and the necessity for their observance, appear at once from an inspection of the original documents attached to the record. The two signatures to the note are evidently written by the same hand, while the signature of Mrs. Coyle to a bond executed in 1858, and admitted to be genuine, is totally unlike the signatures to the notes. In the absence of proof that she signed the note or authorized any one to attach her name to it, we are at a loss to see how she can be made liable as a party to the instrument.

It is therefore ordered that the judgment appealed from be reversed, and that there be judgment in favor of defendant, with costs in both courts.