No. 1916

Second Circuit

———

BANK OF COUSHATTA v. SAM F. WIMBERLY AND MRS. T. R. WIMBERLY

———

(October 21, 1925, Opinion and Decree)

———

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Evidence—Par. 208; Bills and Notes—Par. 217.**

Under the Code of Practice, Article 325, and Civil Code, Article 2245, if the defendant denies the signature to a note the plaintiff must prove the genuineness of the signature either by witnesses who have seen the defendant sign or declare that they know it to be his signature, or prove by experts or by comparison of the writing.

Appeal from First Judicial District Court of Louisiana, Parish of Red River. Hon. J. W. Jones, Jr., Judge.

This is a suit on a promissory note against two defendants alleged to have signed it. One defendant, Mrs. T. R. Wimberly, denied that she signed the note.

There was judgment for defendant, Mrs. Wimberly, against the plaintiff.

Plaintiff appealed.

Judgment affirmed.

Nettles & Bethard, of Coushatta, attorneys for plaintiff, appellant.

S. R. Thomas, of Coushatta, attorney for defendants, appellees.

REYNOLDS, J. This is a suit on a promissory note purporting to have been signed by the defendants.

The defendant, Sam. F. Wimberly, made no defense and judgment was rendered against him by default.

The defendant, Mrs. T. R. Wimberly, answered, denying that the signature on the note was hers.

There was judgment rejecting plaintiff's demand as to her and plaintiff appealed.

The only witnesses that testified as to the genuineness of the signature were W. W. Holley and Mrs. T. R. Wimberly herself.

Holley testified, page 4 of the evidence:

"Q. Did you see Mrs. Wimberly sign this note?
"A. No.

Page 5:
"Q. Would you say that was her signature or was not?
Page 6:
"A. I would not swear that is Mrs. Wimberly's signature.
"Q. You would not swear to it?
"A. No, sir.

*   *   *   *

"Q. Do you know that she signed the original note?
"A. No, I do not; Mr. Benton handled the transaction.

Page 13:
"Q. You say, Walter, that you won't swear that is Mrs. Wimberly's signature?
"A. I didn't see her sign it.
"Q. You were not familiar enough with signatures—and are not—to swear whether it is her signature?
"A. No.
"Q. You will not swear that?
"A. No.

*   *   *   *

"Q. You cannot positively swear that is Mrs. Wimberly's signature?
"A. I wouldn't swear that that is her signature, no, sir."

Mrs. Wimberly testified, pages 14 and 15:

"Q. Mrs. Wimberly, you are the party in this suit being sued by the Bank of Coushatta on an alleged note—a note alleged to have been signed by you?
"A. Yes, sir.

"Q. I hand you note attached to the petition, filed in evidence marked 'Plaintiff 1', and I will ask you if you signed this note?
"A. No, sir, I did not sign it.
"Q. You are positive?
"A. I know I did not; I never seen the note; this is the first time.
"Q. Did you ever authorize anyone to sign for you?
"A. No, sir.
"Q. Are you positive about that?
"A. Yes, sir.

*   *   *   *

"Q. That is not your signature?
"A. No, sir.
"Q. And you did not authorize anyone to sign for you?
"A. No, sir.

*   *   *   *

"Q. Did you sign the original note that was given and taken up?
"A. No, sir."

The law of this case is fully covered by the provisions of the Code of Practice, Article 325, which reads:

"If the defendant deny his signature in his answer, or contend that the same has been counterfeited, the plaintiff must prove the genuineness of such signature, either by witnesses who have seen the defendant sign the act, or who declare that they know it to be his signature, because they have frequently seen him write, and sign his name. But the proof by witnesses shall not exclude the proof by experts or by a comparison of the writing, as established by the Civil Code."

And Article 2245 of the Civil Code, which reads:

"If the party disavow the signature, or the heirs or other representatives declare that they do not know it, it must be proved by witnesses or comparison, as in other cases."

And the decision of the Supreme Court in the case of Huddleston vs. Coyle, 21 La. Ann. 148, the syllabus of which reads:

"Where the signature of a party to a promissory note is specially denied under

oath, the burden of proof falls upon the holder, who will be bound to produce such evidence as the law requires to enable him to recover on the instrument. C. P., Art. 325."

Under the above quoted evidence it is clear that Mrs. Wimberly did not sign the note sued on, and in suits on promissory notes the courts are governed by fixed rules of law, plainly laid down in the Code of Practice and Civil Code, and cannot deviate therefrom.

The judgment of the District Court is correct and accordingly is affirmed.