## BROWN v. PARKER.

(Circuit Court of Appeals, Eighth Circuit. April 17, 1896.)

No. 702.

1. ASSIGNMENT FOR BENEFIT OF CREDITORS—REFUSAL OF ASSIGNEE TO QUALIFY —APPOINTMENT OF SUCCESSOR.

The Iowa statute (McClain's Ann. Code, § 3307) requires the county district court, under certain circumstances, and "on the application of any person interested," to appoint some other person to execute the trust. *Held*, an assignee who has accepted and filed the deed, and taken possession of the property, though he has not filed an inventory or given

bond, is a "person interested," on whose application a successor may be appointed.

2. SAME—WHEN APPOINTMENT MAY BE MADE.

Statutory authority to appoint a successor if the assignee fail to file a bond and inventory within 20 days after the assignment (McClain's Ann. Code Iowa, § 3307) includes power to make such appointment before expiration of the 20 days, on the request of the assignee and his refusal to qualify.

In Error to the Circuit Court of the United States for the District of Kansas.

This suit was brought by George H. Brown, as assignee of the firm of John H. Engle & Son, the plaintiff in error, against George R. Parker, the defendant in error, to recover ·damages for the alleged wrongful conversion on or about July 22, 1893, of a stock of merchandise situated in the town of Gaylord, Smith county, Kan. The material facts relied upon to sustain the action may be stated as follows: Prior to July 17, 1893, the firm of John H. Engle & Son, consisting of John H. Engle and John R. Engle, had been doing a general merchandise business at Hamburg, Fremont county, Iowa, and also at Gaylord, Smith county, Kan., having stores at both of said places. They had become financially .embarrassed, and, on the day last mentioned, John H. Engle, the senior member of the firm, executed at Hamburg, Iowa, in the firm name, a general assignment for the benefit of creditors to Edward Sudendorf, as assignee. The deed of assignment in terms covered the two stocks of goods situated at Gaylord, Kan., and the stock situated at Hamburg, Iowa. The deed of assignment was delivered to the assignee therein named, and was by him duly recorded in Fremont county, Iowa, on July 18, 1893. On the succeeding day, to wit, July 19, 1893, John R. Engle, the junior member of the firm who managed the business at Gaylord, Kan., executed a mortgage on the stock of goods there situated, in favor of the defendant, George R. Parker, to secure a debt in the sum of $438.70, which the firm of John H. Engle & Son then owed to said Parker. This mortgage was duly recorded on July 19, 1893, in Smith county, Kan., and in accordance with its provisions the mortgagee shortly thereafter took possession of the mortgaged property. It was claimed by the defendant, Parker, that, when the last-mentioned mortgage was executed in his favor, he was led to believe, by representations made to him by John R. Engle, the mortgagor, that he had purchased all the interest of his co-partner in the stock of goods located at Gaylord, Kan., and was entitled to execute a mortgage thereon, as his sole and individual property. A demand was subsequently made on the defendant, Parker, by Edward Sudendorf, as assignee of the firm of J. H. Engle & Son, for the restoration of the mortgaged property to him, as assignee, which demand was refused. Thereafter this suit was brought by George H. Brown, as assignee of John H. Engle & Son, to recover the value of the stock of goods located at Gaylord, Kan., on the ground that it had been wrongfully seized and converted by the defendant, Parker, to his own use. Prior to the bringing of such suit, George H. Brown, the plaintiff, had been substituted as assignee in the place and stead of Edward Sudendorf, the original assignee, by an order to that effect made by the Honorable Walter I. Smith, judge of the district court in and for Fremont county, Iowa. At the conclusion of the plaintiff's testimony the circuit court directed the jury to return a verdict in favor of the defendant. The case comes to this court on a writ of error that was sued out by the plaintiff below.

George E. Stoker (Charles J. Dobbs was with him on the brief), for plaintiff in error.

Webb McNall and E. S. Ellis (W. W. Caldwell was with them on the brief), for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

THAYER, Circuit Judge, after stating the case as above, delivered the opinion of the court.

The question presented by this record is whether the circuit court properly directed the jury to return a verdict for the defendant; and the decision of that question turns upon the further inquiry whether the order substituting George H. Brown as assignee in place of Edward Sudendorf was void, and for that reason subject to be attacked collaterally. The order thus made was as follows:

"In the District Court of Iowa in and for Fremont County.

"In the Matter of the Assignment of J. H. Engle & Son.

"On this second day of August, 1893, comes E. Sudendorf, named as assignee by the written general assignment made by J. H. Engle & Son, July 17, 1893, recorded in Book D, pages 513 and 514, of the Records of Fremont County, Iowa, and refuses to qualify as such assignee; and thereupon George H. Brown, of Hamburg, Iowa, is appointed as assignee in place of E. Sudendorf, and the bond of said assignee is fixed at double the amount of his inventory and valuation of the property assigned; and said George H. Brown, on giving such bond with sureties approved by the clerk of the district court of Fremont county, Ia., shall possess all the powers conferred upon the said E. Sudendorf by said written assignment and the laws of this state, and shall, in like manner, be subject to all the duties imposed on said E. Sudendorf under said assignment and the laws of Iowa.

"Done at chambers at Council Bluffs, Ia., the date above given.

"Walter I. Smith, Judge.

"Filed August 3, 1893. L. F. Kline, Clerk."

The foregoing order was made in obedience to a written application for the appointment of a new assignee, which was signed and filed by Edward Sudendorf, wherein the said Sudendorf represented, in substance, that, on account of certain business engagements, it was impossible for him to qualify and act as assignee, in compliance with the provisions of the deed of assignment. The order was also made upon the assumption that the power to make the same was conferred by section 3307, McClain's Ann. Code Iowa, which reads as follows:

"In case any assignee shall die before the closing of his trust, or in case any assignee shall fail or neglect for the period of twenty days after the making of any assignment, to file an inventory and valuation, and give bonds as required by this chapter, the district court, or any judge thereof, of the county where such assignment may be recorded, on the application of any person interested, shall appoint some person to execute the trust embraced in such assignment; and such person, on giving bond with sureties as required above of the assignee, shall possess all the powers conferred upon such assignee, and shall be subject to all the duties hereby imposed, as fully as though named in the assignment; and in case any security shall be discovered to be insufficient, or, on complaint before the court or judge, it should be made to appear that any assignee is guilty of wasting or mis-applying the trust estate, said court or judge may direct and require additional security, and may remove such assignee and may appoint others instead; and such persons so appointed, on giving bond, shall have full power to execute such duties and to demand and sue for all estate in the hands of the person removed, and to demand and recover the amount and value of all moneys and property or estate so wasted and misapplied which he may neglect or refuse to make satisfaction for, from such person and his sureties."

It is contended in behalf of the defendant in error that the aforesaid order was not authorized by the provisions of section 3307, supra, and is void, because it was not made on the application of any person interested in the assigned estate. It has also been suggested that it was void for the further reason that the appointment

of a new assignee in place of Edward Sudendorf was made within less than 20 days after the making of the assignment. We think that the first of these propositions is untenable, for the following reasons: It will be observed that the statute does not, in terms, require the application for the appointment of a new assignee to be made either by a creditor of the assignor, or by the assignor himself. On the contrary, the language of the statute is, in substance, that the application may be made by any person interested. This means, we think, that, when a court or judge is solicited to appoint an assignee in the place of the one named in the deed of assignment, such order shall not be made at the instance of a mere interloper, but shall only be made at the instance of a person who has some personal interest, either as a creditor or otherwise, in asking for the appointment of a new assignee to administer the trust. The statute does not undertake to define the degree or kind of interest which a petitioner must possess, and, in the absence of such provisions, any person should be deemed an interested party who occupies such a relation to the assigned property, or to any part thereof, that he may be held responsible for its care and management. Now, in the present case the testimony shows that Edward Sudendorf occupied the relation last described when he applied to the district judge of Fremont county, Iowa, for the appointment of an assignee in his place and stead. While it is true that he had not at that time qualified as assignee of the firm of John H. Engle & Son, by filing an inventory and giving the bond required by law, yet the evidence shows that he had accepted the deed of assignment from the assignor, and had caused the same to be duly recorded. He had also taken possession of that portion of the assigned property which was situated in the state of Iowa, and, having thus taken possession of it, he became responsible for its custody, and could only be relieved of such responsibility by delivering the property to some person who had been duly appointed to administer the trust. In view of these facts, we think that he was authorized to make an application for the appointment of an assignee, and that an appointment made on his application was not a void appointment, but was made at the instance of an interested party. There is no reason, so far as we can perceive, why an assignee who has become vested with a qualified title to property belonging to the trust estate, and who desires to divest himself of such title and to relinquish the trust, should not be regarded as having a sufficient interest to warrant him in making an application for the appointment of a new trustee or assignee. The Iowa statute, in our opinion, was designed to cover cases of that kind, as well as those cases where the assignor or a creditor is the moving party.

We are also of the opinion that the second objection to the order appointing the plaintiff as assignee is not founded upon a reasonable interpretation of the aforesaid statute. The statute does provide that the district court, or any judge thereof, shall appoint some person to execute the trust embraced in the assignment, if the assignee named therein fails or neglects for the period of 20 days after the making of the assignment to file an inventory and valuation and to

give bond as required by law; but this cannot be held to mean that said court or judge must, in every instance, wait for a period of 20 days before naming a new assignee, when the appointment is made on the ground that the original assignee has relinquished the trust. That view of the statute would frequently lead to great loss and inconvenience, for the reason that no steps could be taken, during a period of 20 days, to collect or to administer the assigned property, even when the assignee named in the deed at once declined to accept the trust. We think, therefore, that the statute must be held to mean that the court shall wait for the statutory period when no affirmative action is taken by the assignee, but that it may appoint an assignee within the statutory period, if the original assignee declines to qualify, and requests that some other person be appointed in his place. In other words, the statute provides that the failure of the assignee to file an inventory and give bond for the period designated in the statute shall be deemed conclusive evidence that he has elected not to qualify as assignee. But it does not exclude other evidence of that fact, nor prevent the court or judge from appointing a successor, when, before the expiration of 20 days, the original assignee appears and formally announces his intention not to qualify. It is the fact that the assignee named in the deed of assignment has relinquished the trust which confers jurisdiction to appoint a successor in office, and that fact may be established either by the failure of the assignee to qualify for a period of 20 days, or by a formal statement made by the assignee that it is his intention not to qualify. From the fact that the order above quoted was made by one of the judges of the district court of the state of Iowa, it is fair to presume that it was made in accordance with a well-established practice in that state, and that in the administration of the assignment act the courts of Iowa construe the statute in the manner above indicated. We also find some reasoning in the case of Drain v. Mickel, 8 Iowa, 438, 446, which indicates that it is the established view in that state that it is the nonacceptance of the trust by the original assignee, however that fact may be ascertained, rather than the mere lapse of time, which confers jurisdiction to appoint an assignee in lieu of the one named in the original deed of assignment. We accordingly conclude that the order in question was a valid order, and was not subject to collateral attack, even though it was made within less than 20 days after the deed of assignment was executed.

In the circuit court no questions appear to have been raised, other than those above mentioned. At the conclusion of the plaintiff's testimony the trial court directed a verdict for the defendant on the sole ground that the order appointing the plaintiff as assignee was void, and for that reason conferred no title. As we are not able to assent to that view, the case must be reversed and remanded, with directions to grant a new trial, and it is so ordered.