## BROWN v. PARKER.

(Circuit Court of Appeals, Eighth Circuit.   October 16, 1899.)

No. 1,220.

1. ASSIGNMENTS FOR BENEFIT OF CREDITORS—TIME OF TAKING EFFECT—FAILURE OF ASSIGNEE TO QUALIFY.

Under McClain's Ann. Code Iowa, § 3307, providing that, in case an assignee for the benefit of creditors shall fail to file an inventory and valuation and give bond within 20 days after the making of the assignment, the district court, or any judge thereof, may appoint a person to execute the trust, and that such person, on giving bond, shall possess all the powers conferred upon such assignee, where the assignee accepts and records the assignment, but fails or refuses to qualify within the required time, and a substituted assignee is appointed, the assignment takes effect from the date of its execution, as it would have done had the original assignee qualified.

2. APPEAL—APPEALABLE JUDGMENT—LEGAL EFFECT.

In an action by an assignee for the benefit of creditors for the conversion of property claimed to have passed under the assignment, the fact that the judgment rendered is merely against the plaintiff for costs in a blank amount, where it recites that it is entered on a verdict for defendant returned by direction of the court, does not deprive the plaintiff of the right to prosecute error for the reversal of such judgment; its practical and legal effect being to determine adversely his right to the property.

3. ASSIGNMENTS FOR BENEFIT OF CREDITORS—VALIDITY—ACKNOWLEDGMENT BEFORE ATTORNEY.

The fact that a deed of general assignment was acknowledged before the attorney of the assignor does not render it invalid.

4. SAME—ACTION BY ASSIGNEE—EFFECT OF HIS REMOVAL FROM STATE.

The right of an assignee, appointed by a court to succeed to the trust of the original assignee, to maintain an action as such, cannot be questioned on the ground that he has removed from the state of his appointment, so long as his appointment remains unrevoked by the court which made it.

In Error to the Circuit Court of the United States for the District of Kansas.

T. S. Stevens (George J. Dobbs and George E. Stoker, on the brief), for plaintiff in error.

Webb McNall (A. B. Quinton and E. S. Quinton, on the brief), for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

SANBORN, Circuit Judge. This is a controversy between an assignee for the benefit of creditors and a mortgagee of personal property of the assignors. The mortgaged property was situated in the state of Kansas, and the mortgage to the defendant in error, George R. Parker, was made, and the property in Kansas was delivered to him, on July 19, 1893, by the junior member of the firm of John H. Engle & Son, the assignors. The firm had property in the state of Iowa and in the state of Kansas, and on July 18, 1893, the senior member of the partnership made a general assignment of the firm property to Edward Sudendorf for the benefit of their creditors. Sudendorf accepted the trust, filed the assignment in Fremont county, in the state of Iowa, on July 18, 1893,

and on July 22, 1893, filed it in Smith county, in Kansas, and demanded the possession of the mortgaged property from the defendant in error. But Sudendorf gave no bond as assignee, and on August 2, 1893, he refused to qualify as such; and the district court of Fremont county appointed the plaintiff in error, George H. Brown, in his stead, and the latter qualified, and is still acting as assignee. There was evidence that, before and at the time Parker took his mortgage, he knew that the assignment had been made.

It is assigned as error that upon this state of facts the court below instructed the jury to return a verdict for the mortgagee upon the ground that no right or title to the assigned property passed to the assignee before Brown was appointed, on August 2, 1893, because the first assignee failed to give his bond. This assignment is well founded. The statute of Iowa on this subject reads:

"In case any assignee shall die before the closing of his trust, or in case any assignee shall fail or neglect for the period of twenty days after the making of any assignment, to file the inventory and valuation, and give bonds as required by this chapter, the district court, or any judge thereof, of the county where such assignment may be recorded, on the application of any party interested, shall appoint some person to execute the trust embraced in such assignment; and such person, on giving bond with sureties as required above of the assignee, shall possess all the powers conferred upon such assignee, and shall be subject to all the duties hereby imposed as fully as though named in the assignment. * * *" McClain's Ann. Code Iowa, § 3307.

The assignment was made to and accepted by Sudendorf on July 18, 1893. The statute allowed him 20 days in which to give his bond. If he had qualified within that time, his right and title to the property would have dated from the execution and acceptance of the assignment; for it is not the filing of the bond, but it is the delivery and acceptance of the deed, that creates the trust. Within the 20 days he refused to qualify, and the proper court appointed the plaintiff in error, in the words of the statute, "to execute the trust embraced in the assignment"; and the statute declares that this appointee "shall possess all the powers conferred upon such assignee, and shall be subject to all the duties hereby imposed." The plain terms of the statute, and the familiar rule that equity will not permit a trust to fail for want of a trustee, point alike to the inevitable conclusion that the rights of the appointee under the law were the same as those of the appointee under the deed. The assignment vested the title and the right of possession of the assigned property in the first trustee on July 18, 1893, when he accepted it, and this right and title passed unimpaired to his successor. Mark's Appeal, 85 Pa. St. 231, 232, 234; Rendlemann v. Willard, 15 Mo. App. 375; Holtoquist v. Clark, 59 Minn. 59. 69, 60 N. W. 1077; Price v. Parker, 11 Iowa, 144; Brennan v. Willson, 71 N. Y. 502, 505; Bostwick v. Burnett, 74 N. Y. 317, 320.

Counsel for the defendant in error made no motion to dismiss this writ, but in their brief they insist that the judgment below should be affirmed, because it is a judgment for a blank amount of costs; because the assignor's acknowledgment of the execution of the assignment was taken and certified by his attorney; and be-

cause, since his appointment, the plaintiff in error, Brown, has ceased to be a resident of the state of Iowa. It is true that the judgment is for "$———— costs," but it is also true that it recites the fact that the court instructed the jury to return, and that they did bring in, a verdict for the defendant in error; and we are of the opinion that the practical and probably the legal effect of the judgment is a dismissal of the action. The plaintiff in error can hardly proceed to recover damages for the conversion of the property in suit, in the face of this recorded judgment.

Nor are we persuaded that the fact that the attorney who took the acknowledgment of the assignor to the assignment was retained by him to prepare the instrument or to advise him in the premises avoided the deed. It is the pecuniary interest of the officer in the execution of the instrument which disqualifies him. This attorney had no such interest here, and the act of taking and certifying the acknowledgment was not of such a high judicial character that the relation of attorney and client disqualified him from taking the latter's acknowledgment. Bierer v. Fretz, 32 Kan. 329, 336, 4 Pac. 284; Brereton v. Bennett, 15 Colo. 255, 256, 25 Pac. 310; Penn v. Garvin, 56 Ark. 511, 513, 20 S. W. 410.

The fact that after his appointment the plaintiff in error changed his place of residence from the state of Iowa to the state of Missouri is not a valid objection to his maintenance of this suit. He is the trustee appointed by the proper court to carry on this litigation, and until that court removes him, or he dies or resigns, his right to do so is unassailable in any other forum. If there is any cogency in the objection, it must be first presented to the district court of Fremont county.

The assignment in hand is a general assignment, without preferences. It is a good voluntary assignment at common law, and it is not obnoxious to the laws, decisions, or public policy of either Iowa or Kansas. It therefore had the effect, as we have already had occasion to hold in this case, to convey to the assignee on July 18, 1893, the personal property of the assignors in the state of Kansas, as against all subsequent purchasers and mortgagees who had actual notice of its existence. Parker v. Brown, 29 C. C. A. 357, 361, 85 Fed. 595; Brown v. Parker, 19 C. C. A. 675, 73 Fed. 762. Since the defendant in error took his mortgage after the assignment was made and filed in Iowa, and as there was testimony that he was informed of its existence before he obtained his mortgage, the evidence did not warrant a peremptory instruction for a verdict in his favor. The judgment must accordingly be reversed, and the case must be remanded to the court below, with directions to grant a new trial, and it is so ordered.