No. 10,676.

MRS. LOUISE G. JAMES VS. WIDOW ELOISIA RAND.

1. The provisions of the Code of Practice contained in Articles 324 and 325 relate to the answer of a defendant to a suit brought on an act under private signature, the genuineness of which is denied, and to the effect of such denial. Those of the Civil Code contained in Articles 2236 and 2268 relate to authentic acts, and the proof afforded by them.

2. When suit is brought on a promissory note in an ordinary action, and personal judgment is sought against the maker, it is a suit on an act under private signature, in the sense of those articles of the Code of Practice, notwithstanding judgment is also asked recognizing and enforcing an authentic mortgage securing the payment of the note.

3. As, in such case, the *primary* question is the genuinness of their signature to the note—the defendant having alleged its forgery in a sworn answer—the plaintiff can not, by offering in evidence at one and the same time the note and mortgage, defeat the effect of the defendant's sworn denial, and impose upon her the burden of proving that her signature to the authentic act of mortgage was a forgery, *after* same had been filed in evidence.

In such case the burden of proving the *genuineness* of the defendant's signature to the note *before* the note or mortgage can be admitted in evidence, is upon the plaintiff.

APPEAL from the Civil District Court for the Parish of Orleans. *Rightor, J.*

*Farrar, Jonas & Kruttschnitt* and *Bayne, Denègre & Bayne* for Plaintiff and Appellant:

Properly certified copies of notarial acts make proof of what is contained in the original, unless proven incorrect. C. C. 2268.

An act executed before a notary and two competent witnesses is an authentic act. C. C. 2234.

The authentic is full proof of its contents unless declared and proved to be a forgery. C. C. 2336.

The authentic act is not only admissible in evidence, but full proof of what passed before the notary and of the agreement; not only of *quod conventum*, but *quod actum est.* 7 An. 98-99, Succession of Tête; Marcadé Droit Civil, Vol. 5, p, 24; Commentary on Art. 1319, C. N.

It is valid unless charged as a fraud, and proven a forgery; it must be admitted in evidence and then successfully attacked as a forgery, and such is the jurisprudence and practice. 20 An. 211, Cox vs. King.

*J. Q. A. Fellows* and *J. B. Rosser, Jr.*, for Defendant and Appellee.

The opinion of the court was delivered by

WATKINS, J.   This is a suit *via ordinaria* on a promissory note secured by special mortgage.   The note and act of mortgage are

annexed to and made parts of plaintiff's petition.  Premised by the usual allegations, the prayer is that plaintiff have judgment against defendant in the full sum of $15,000 (the amount of the note), with interest, attorney's fees and cost; "with recognition of petitioner's mortgage," etc.

The defence set out in the answer is that the alleged signatures to the note and the indorsement thereon, as well as the purported signatures to the act of mortgage, are forgeries; and the prayer is that plaintiff's demands be rejected, and the registry of the alleged mortgage canceled.   This answer was sworn to.

On the trial the plaintiff's counsel offered to file in evidence the note and mortgage on which suit is brought, but the defendant's counsel objected to their introduction in evidence, on the ground "that the signatures are alleged to be forgeries, and unless the signatures are *proved*, the documents can not be received in evidence."

The judge *a quo* sustained the objection, and refused to allow the documents to be filed in evidence.

To this ruling plaintiff's counsel reserved a bill of exceptions. Having no other evidence to offer, the counsel rested the plaintiff's case; and of course judgment went against her, and she has appealed.

On this statement of facts the only question for us to decide is whether or not the District Judge correctly refused to permit the note and mortgage to be filed in evidence.

The note is in the ordinary form, drawn to the maker's own order and by her endorsed, and the mortgage was executed before a notary, securing its payment.

The defendant's counsel grounded his objection on the 324th and 325th Articles of the Code of Practice, whilst the plaintiff's contention is that the 2268th and 2236th Articles of the Civil Code control, and are conclusively in their favor.

To our thinking there is no conflict between the provisions of the Codes, because they relate to different subjects matter: those of the Code of Practice relating to the answer of a defendant to a suit founded on an act under private signature, the genuineness of which is denied, and the effect of such denial; whilst those of the Civil Code relate to authentic acts, and the proof afforded by them.   When the proceeding is based on an act under private signature, the genuine-

ness of which is denied, the provisions of the Code of Practice control; but when it is founded on an authentic act, those of the Civil Code control.

This is, confessedly, an ordinary action on a promissory note, and the plaintiff seeks to obtain a *personal* judgment against the defendant, notwithstanding she also seeks the recognition of her mortgage. The note is such an act under private signature as is contemplated by the cited articles of the Code of Practice, and is the *primary* evidence of plaintiff's demand; and to such a case those articles apply.

The first of those two articles declares that "when the demand is founded on * * * an act under private signature, * * * the defendant shall be bound in his answer to acknowledge expressly or to deny his signature." C. P. 324.

The second declares that "if the defendant deny his signature in his answer, or contends that the same has been counterfeited, *the plaintiff* must prove the genuineness of such signature, either by the witnesses who have seen the defendant sign the *act*, or who declare that they know it to be his signature, because they have frequently seen him write and sign his name. But proof by witnesses shall not exclude the proof by experts or by a comparison of writing as established by the Civil Code." C. P. 325.

The defendant having, under oath, denied her signature to the note, as well as her indorsement in blank thereon, the *plaintiff* was put to the proof of their genuineness. But her counsel offered to file the note in evidence without offering any proof of the genuineness of the defendant's signature. We are of the opinion that the District Judge correctly declined to allow the filing of the note in evidence. It is quite true that the counsel, at the same time he offered to file the note in evidence, also offered to file the act of mortgage. And it is equally true that the Code declares that "the authentic act is full proof of the agreement contained in it against the contracting parties and their heirs or assigns, unless it be declared and proved a forgery." R. C. C. 2236.

But what is "the agreement contained" in the act of mortgage? It is "to *secure*, in capital and interest, the full and final payment of the said certain promissory note, which * * * has been delivered," etc. This act only purports full proof of *that* agreement, and

not of the signature of defendant to the note. And as the *primary* question is the genuineness of defendant's signature to the note, the plaintiff could not, by offering the note and mortgage at one time, defeat the effect of defendant's sworn denial of her signature, and impose the burden on her of proving that her signature to the authentic act of mortgage was a forgery, *after* it had *been introduced in evidence*.

Had the plaintiff initiated proceedings by obtaining an order of seizure and sale on her authentic act of mortgage, the defendant would have been necessitated to enjoin, on the ground "that the *act containing* the    *   *   *   mortgage (was) forged," and in support of her declaration prove that the signature was a forgery." C. P. 739.

Having commenced proceedings *via ordinaria* and demanded *personal* judgment against the maker of the note and mortgage, the plaintiff has abandoned her right to proceed *via executiva*, and lost the benefit of "the full proof" which it could have afforded her in executory proceedings.

In Robinson vs. Arnet, 15 La. 262, quite a similar question was presented, and the court held that where the plea of forgery is put in, supported by the oath of the defendant, it requires *much stronger* evidence to authorize a recovery than in the ordinary case of a general denial.

Our theory is fully supported by Succession of Tête, 7 An. p. 98, of which the court, in treating of the question under consideration, said: "The records of a notary are closely assimilated to judicial records. The whole system of executory process is based on this resemblance. It is resorted to when the creditor's right arises from an act importing a confession of judgment, and contains a privilege or mortgage, which is an act passed before a notary and witnesses, in which the debt is acknowledged, for which the mortgage or privilege is given. C. P. 732, *et seq*. This act, the law declares, shall make full proof between the parties, unless it is declared and proved a forgery." Huddleston vs. Coyle, 21 An. 148.

It is evident that the plaintiff did not discharge the burden of proof which the defendant's sworn denial imposed on her.

Construing the judgment appealed from as one of *non-suit*, it is affirmed.