PENN v. GARVIN.

Opinion delivered October 22, 1892.

*Deed—Acknowledgment by agent valid.*

A notary public is not disqualified to take an acknowledgment to a mortgage by reason of the fact that he had acted as agent for the mortgagor in obtaining the loan of money which the mortgage was intended to secure.

Appeal from Boone Circuit Court in Chancery.

B. B. HUDGINS, Judge.

Penn as grantee of Murphy brought suit against Garvin to cancel a mortgage of land executed by Murphy to Garvin to secure a loan alleged to be usurious. Garvin answered, denying the usury. He made his answer a cross-complaint, and prayed for foreclosure of the mortgage. Penn answered the cross-complaint, insisting (1) that the mortgage was usurious and (2) that the acknowledgment of the mortgage was bad, being taken by a notary who was the agent of one or both of the parties. The evidence established the fact that the acknowledgment of the mortgage was taken by a notary public who had acted as Murphy's agent in procuring the loan from Garvin.

The court dismissed the complaint of Penn, and entered decree foreclosing Garvin's mortgage. Penn has appealed.

*W. F. Pace* and *W. S. McCain* for appellant.

1. The usury, being commissions paid to the *lender's agent* over and above ten per cent., avoids the mortgage. 51 Ark. 545 ; *ib.* 547.

2. If F. M. Garvin was the agent of Murphy, then his certificate of acknowledgment as a notary is invalid. He was a party in interest and incompetent to act as an officer. 37 Ga. 678 ; 9 Ark. 62 ; 61 Ill. 307 ; Pingrey on Mortg. sec. 48 ; 46 Ga. 253 ; 45 Tex. 567 ; 14 S. W. Rep. 32 ; 9 S. E. Rep. 616 ; 20 Iowa, 231 ; 7 Watts, 227.

3. The fact that Murphy did not covenant against this mortgage will not avail. A purchaser can plead usury, unless he has specially agreed not to do so. Wiltsie on Mortg. sec. 396.

*U. M. & G. B. Rose* and *Crump & Watkins* for appellee.

1. There is not a particle of evidence that F. M. Garvin was the agent of his father, T. E. Garvin. 51 Ark. 548 ; 54 *id.* 573. The relation of the parent and child raises no presumption of agency. Bishop on Contracts, 500.

2. One who buys subject to a mortgage cannot set up mere formal defects. 48 Ark. 258 ; 1 Jones on Mortgages, 736 ; *ib.* 744 ; 44 N. Y. 55. See also 98 Mass. 305 ; 104 *id.* 249 ; 129 *id.* 398 ; 1 Abb. N. C. 97 ; 107 N. Y. 404 ; 43 N. J. E. 616 ; 38 Ohio St. 300 ; 35 Vt. 317 ; 55 Vt. 201 ; 69 Me. 494 ; 48 Iowa, 163 ; 40 Mich. 371 ; *ib.* 65 ; 40 Barb. 435 ; 34 Mich. 302. There is no case which holds that the agent of the grantor is disqualified to take the acknowledgment. See 6 N. Y. 422 ; 14 Oh. St. 151 ; 36 *ib.* 665 ; 14 Wis. 674 ; 5 Iowa, 96 ; 46 Mo. 404 ; 14 Bank Reg. 513 ; 69 Me. 583 ; 63 Ill. 130.

HEMINGWAY J.   The defense of usury presents no question of law not settled by former decisions of this court; the questions of fact it presents must be resolved against the appellant.

The only other question in the case is, whether a notary public is disqualified to take an acknowledgment to a mortgage by reason of the fact that he had acted as agent for the mortgagor in obtaining the loan of money, which the mortgage was intended to secure.   The appellant insists that the notary is disqualified in such a case, and relies upon many adjudged cases to which we are cited.

Upon examining them, we find that wherever it has been held that an officer, otherwise competent, was disqualified to certify an acknowledgement, the ruling was placed, either upon the ground that he was a party to the deed acknowledged (*Green* v. *Abraham*, 43 Ark. 420 ; *Stevens* v. *Hampton*, 46 Mo. 404 ; *Wasson* v. *Connor*, 54 Miss. 351 ; *Groesbeck* v. *Seeley*, 13 Mich. 329 ; *Davis* v. *Beazley*, 75 Va. 491), or that he was beneficially interested in it (*Withers* v. *Baird*, 7 Watts, 227 ; *Jones* v. *Porter*, 59 Miss. 628 ; *Wilson* v. *Traer*, 20 Iowa, 231).

We have been directed to no case, and have knowledge of none, in which it has been held that the certifying officer is precluded from exercising the ordinary functions of his office with reference to a particular deed, merely because he acted as agent for the grantor in the negotiations preceding its execution.   Such disqualification can not be put upon the ground that he is a party to the deed, for in fact he is a stranger to it ; nor upon the ground that he is interested in it, for he acquires nothing by it, and its execution satisfies no undertaking by which he is bound.   It can not be put upon the ground of public policy, for the formality of an acknowledgment was designed for the protection of the grantor, and the fact that the officer certifying it had acted as his agent in

matters out of which the deed grew would not unfit him to act with a proper regard to the grantor's rights. Nor can it be put on the ground that the act is judicial, for relationship to a party disqualifies an officer to perform a judicial act, and it is settled that relationship to the grantor is no disqualification to taking an acknowledgment.

But it is contended that, as the grantor can not take his own acknowledgment, and can not do by agent what he can not do in person, the acknowledgment in question is void. We think the argument has no application to the facts of this case. If the grantor had been an officer authorized to take acknowledgments, and the acknowledgment had been certified by his deputy or agent, the argument would be applicable to the case. But the grantor did not attempt in person or by another to certify his own acknowledgment ; the certificate was made by the officer in his own name under the authority conferred by the statute, and not under any power from the grantor. He acted as an officer discharging a power appertaining to his office, and not as the agent of anybody.

The question is, whether he was disqualified in this particular case to exercise a power otherwise appertaining to his office, on account of the fact that the deed acknowledged grew out of negotiations in which he acted as agent for the acknowledging party. There is nothing in the letter of the statute that imposes such disqualification, and we think there is nothing in its spirit or policy to give it such effect.

Our conclusion, therefore, is that there was no disqualification. *Kutch* v. *Holly*, 14 S. W. Rep. 32 ; *Sawyer* v. *Cox*, 63 Ill. 130.

Affirm.