No. 3383

Second Circuit

———

SHEVNIN v. GRIMMER ET AL.

———

(January 21, 1929. Opinion and Decree.)
(March 12, 1929. Rehearing Refused.)

———

J. M. Shevnin, of Alexandria, attorney for plaintiff, appellant.

B. T. Dawkins, and W. C. Roberts, of Alexandria, attorneys for defendants, appellees.

REYNOLDS, J. Plaintiff, John Shevnin, sued defendants, Mrs. Anne C. Grimmer, for the price of the lease of certain premises, which lease, he alleged, was for the use and benefit of her separate estate, and obtained a writ of provisional seizure as lessor, and had seized certain movable property, which he alleged belonged to her, found upon the leased premises, and, on trial, obtained judgment for the debt sued for and for recognition of the lessor's privilege on the property provisionally seized.

And thereupon plaintiff took this rule upon the judgment debtor, as mortgagor, and Chas. P. Wagner & Bro., a commercial partnership composed of Charles P. Wagner and John A. Wagner, as mortgagee, and A. V. Hundley, as clerk of the Ninth Judicial District Court of Louisiana in and for the parish of Rapides and ex-officio recorder, to show cause why a certain mortgage granted by Mrs. Anne C. Grimmer to Chas. P. Wagner & Bro. on the property on which the lessor's privilege bore, dated November 28, 1927, and recorded the same day in Book No. 21 at Folio 531 of the Record of Chattel Mortgages of Rapides parish, should not be decreed null and canceled as an obstacle to the enforcement of his judgment on the property.

The grounds of nullity alleged were:

I. That the law (Act No. 198 of 1918) requires chattel mortgages, if they are to affect third persons, to be by authentic act, and that the act assailed was not authentic because:

(1) It purports to have been passed in the parish of Orleans and before John W. Hawthorn as a notary for that parish, and that he was not a notary for that parish but for the parish of Rapides.

(2) It was passed only before one witness.

(3) No authority is shown for the per-

son who accepted it for the mortgagee to accept it.

I. The mortgagor was a married woman and not separate in property from her husband; the mortgage debt was a community debt; and she was not authorized to grant the mortgage.

Neither Mrs. Grimmer nor the clerk of the district court made any defense.

Chas. P. Wagner & Bro. answered admitting that John W. Hawthorn was not a notary for Orleans parish and was one for Rapides parish, admitted that the act was passed only before one witness, denied that the mortgage debt was a community debt, and alleged that it represented the price of the mortgaged property, which was sold by the mortgagee to her, and that she was authorized to create the debt and grant the mortgage.

On these issues the rule was heard, and there was judgment in favor of the defendants and against the plaintiff, dismissing the rule, and the plaintiff appealed.

## OPINION.

Act No. 132 of 1926 provides:

"That a married woman, whether a resident of this state or not, shall be competent to contract debts, purchase, sell and mortgage and to bind and obligate herself personally and with reference to her separate and paraphernal property; to appear in court and to sue and be sued; to sell, alienate or otherwise dispose (of) and to mortgage and pledge or otherwise encumber her separate and paraphernal property for the benefits of herself, her husband or any other person, and to bind and obligate herself personally or as surety for her husband or any other person.

"That such married women shall exercise the rights granted * * * · without the necessity of obtaining the authority of her husband or the judge."

And article 131 of the Civil Code provides:

"If the wife is a public merchant, she may, without being empowered by her husband, obligate herself in anything relating to her trade; and, in such case, her husband is bound also, if there . exists a community of property between them. She is considered as a public merchant, if she carries on a separate trade, but not if she retails only the merchandise belonging to the commerce carried on by her husband."

Mrs. Grimmer was engaged in conducting a public bakery, and the mortgaged property was apparatus used by her in and necessary to that business. It was sold by the mortgagee to her for that purpose, and the mortgage debt represents the total price of it.

Plaintiff himself recognized her as a public merchant. The premises were leased for bakery purposes, and the lease stipulated:

"The said lessee hereby warrants that this undertaking is by her alone and individually, and with her own separate and paraphernal funds."

And his petition on the debt alleges:

"The said Mrs. Grimmer warranting that she was leasing said premises with her own separate and paraphernal funds."

Mrs. Grimmer had the right to purchase the property for the benefit of her separate estate and to create the debt represented by its price and to grant the mortgage to secure the payment of the debt.

Plaintiff offered no evidence whatever in support of the allegation that the debt was a community debt.

Moreover, plaintiff, not being a creditor of the community (if there exist one), is without interest to champion the rights

of the community. His rights arise under contract with the wife, and, if the property be not hers, he cannot subject it to the payment of his judgment. Besides, if she could not validly contract with the mortgagee, neither could she validly contract with plaintiff. Her right to validly contract is the very basis of plaintiff's rights.

We hold that Mrs. Grimmer had the right to purchase the property and to create the debt represented by its price and to grant the mortgage securing the payment of the price.

We find it unnecessary to consider whether the mortgage was authentic in form, for, if it was not, it was good as a private act.

"An act which is not authentic, through the incompetence or the incapacity of the officer, or through a defect of form, avails as a private writing, if it be signed by the parties." Civil Code, art. 2235.

"A conventional mortgage may be executed by an act under private signature." Ells vs. Sims, 2 La. Ann. 251.

"Article 2235 of the Civil Code, provides that: 'An act which is not authentic, through the incompetence or the incapacity of the officer, or through a defect of form, shall avail as a private writing, if it be signed by the parties.' The mere quoting of this law is a sufficient answer to the objection; as if, for the want of the signature of one of the witnesses to the act, it had not the authenticity required by law to make it a public act, it was undoubtedly good as one under private signature." Hood vs. Segrest, 12 Rob. 210.

The act under consideration was signed:
"Mrs. Anne C. Grimmer.
"Chas. P. Wagner & Bro.
"Per F. T. Brame, Agent."

Therefore it was signed by the parties.

However, plaintiff insists that F. T. Brame was without authority to accept the act for the mortgagee.

"An absent person has the benefit of a mortgage in his favor executed and recorded by the mortgagor, though not accepted by the mortgagee."

Millaudon vs. Allard 2 La. 547;
Hill vs. Barlow, 6 Rob. 142;
In re Immanuel Presbyterian Church, 112 La. 348, 36 So. 408.

"A mortgage creditor effectively accepts a mortgage in his favor either by taking the mortgage notes, or by an authentic act. The transfer of a note transfers everything accessory to and securing same."

Roberts vs. Bauer, 35 La. Ann. 453;
Citizens' Bank vs. Ferry, 32 La. Ann. 310;
Huber vs. Jennings-Heywood Oil Syndicate, 111 La. 756, 35 So. 889.

The mortgage was duly recorded on the day it was executed, and it only remains to be considered whether it was effective quoad plaintiff, a third person.

He contends that it was not, because not authentic in form. But this alone was not sufficient to render it ineffective as to him. To be so, *it was also necessary that he should have been ignorant of its existence.*

The chattel mortgage law (Act No. 198 of 1918) provides:

"Sec. 2. * * *
"In order to affect third persons *without notice*, said instrument must be passed by Notarial Act. * * * (Italics ours.)

Therefore, unless plaintiff was not aware of its existence the mortgage was as binding on him as on the parties to it.

Plaintiff did not allege and made no attempt to prove want of notice. On the contrary, by his suit to annul it he shows that he knew of it. Besides this, the mortgage was recorded on November 28, 1927, and the registry put him on notice.

Section 4 of the law in question provides:
"That every mortgage shall be a lien on

the property mortgaged from the time same is filed for recordation, which filing shall be notice to all parties of the existence of such mortgage, and said lien shall be superior in rank to any privilege or lien arising subsequently thereto."

If plaintiff did not have actual notice of the existence of the mortgage, he must be held to have had constructive notice of it arising from its recordation, and therefore it affected him.

Plaintiff does not claim that his lessor's privilege primes the lien of the mortgage, and there is no evidence in the record tending to show that it does; and, from the fact that the purpose of the suit was to annul the mortgage rather than to have the lessor's privilege declared prior in rank to it, we infer that the lien of the mortgage attached before the lessor's privilege did. Be that as it may, however, none of the reasons alleged by plaintiff for annulment of the mortgage is good, and the judgment appealed from must be affirmed.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be affirmed.