## DAINELLO v. McCOY

---

(December 15, 1930.  Opinion and Decree.)
(January 5, 1931.  Rehearing Refused.)

---

Clarence De Lucas and Eugene Thorpe, of New Orleans, attorneys for plaintiff, appellant.

Prowell, McBride & Ray, of New Orleans, attorneys for intervener, third opponent and appellee.

JANVIER, J.  This contest, between a landlord and the holder of a chattel mortgage involves the distribution of the proceeds of the sale of an automobile belonging to defendant, tenant of the landlord, located in a garage on the leased premises at the time of the provisional seizure instigated by the landlord for rent due.

Intervener claims that before the automobile in question was placed on the premises and, thus, before it became subject to

the landlord's lien, a chattel mortgage to secure payment of part of the purchase price thereof was executed and recorded and that, thus intervener, as the holder of the said note, should recover the proceeds of the sale by preference and priority over the landlord. The court below rendered judgment in favor of the intervener, the holder of the mortgage note, and from that judgment the landlord has appealed.

Considerable testimony was adduced in an effort to prove the time at which the automobile was placed in the leased premises. Intervener contends that the mortgage was duly recorded in the mortgage office before the car was placed in the garage on plaintiff's premises and plaintiff maintains that the recordation in the mortgage office was not effected until after the car had entered his premises and had thus been subjected to the lien of his lease.

We find it unnecessary to consider the question of fact which is thus presented for the reason that the record leaves us no other alternative than to hold that, under the chattel mortgage laws of this state, the document purporting to be a chattel mortgage by notarial act and on which intervener's claim is based, is nothing more than an act under private signature and that, thus, in the absence of proof that the landlord had actual knowledge of its existence, he cannot be bound thereby.

The automobile in question was sold by the A. J. Motor Company to McCoy, the tenant, who, for a part of the purchase price, executed notes and signed the document which it is contended by intervener is a chattel mortgage by notarial act.

In this transaction the motor company was represented by a Mr. Holmes, who,

when questioned as to the circumstances surrounding the execution of the chattel mortgage, said:

"Q. What is your duty when you make a sale, what papers do you prepare?
"A. The chattel mortgage papers if it goes in monthly payments.
"Q. You prepare mortgage papers?
"A. No, I don't, they are prepared in office.
"Q They are prepared in office?
"A. Yes, sir.
"Q. The purchaser signs right there?
"A. Before the credit manager.
"Q. No notary is there?
"A. No, sir.
"Q. In this particular case was notary there?
"A. No, sir."

Surely this testimony by the representative of the seller that no notary was present when the so-called notarial act was executed is sufficient to throw on him who claims under that mortgage the burden of contradicting this testimony, and of proving, if such is a fact, that the notary was actually present, and, in the absence of even an attempt to do so, we reach the conclusion that no notary was present and that, thus, the document was not an authentic act. In Abshire v. Comeaux, 159 La. 1087, 106 So. 574, 575, the Supreme Court said:

"The evidence satisfies us, as it did the district judge, that the wife signed the act voluntarily and with full knowledge of what she was doing.
"But the fact is that she did not sign the act in the presence of the notary, but signed it at her home out of his presence; same having been taken to her by her husband for the purpose of obtaining her signature thereto.
"Therefore, as to her, the act was not a notarial act, but an act under private signature; for notarial acts must be signed in the presence of the notary."

The landlord was not a party to the act and is, therefore, fully privileged to attack

its authenticity. R. C. C. art. 2236; Commercial Germania Trust & Savings Bank v. White, 145 La. 54, 81 So. 753; James v. Rand, 43 La. Ann. 179, 8 So. 623; Hebert v. Lege, 29 La. Ann. 512.

But intervener contends that, even if the document is not a notarial act, but is merely an act under private signature, nevertheless, its recordation in the mortgage office gave notice to the world and that, thus, if that recordation antedated the placing of the automobile in the landlord's premises, the lien of the mortgage must prime that of the lease. This contention is based on the fact that the chattel mortgage act (No. 198 of 1918) in section 2 provides that:

"In order to affect third persons without notice, said instrument must be passed by notarial act and the original or a certified copy thereof shall be recorded in the office of the Recorder of Mortgages in the parish where the property shall then be situated, and also in the parish in which the mortgagor is a resident."

Intervener claims that the recordation in the mortgage office constitutes notice and that, therefore, if the mortgage was recorded in time the landlord cannot be considered as a third person without notice. We believe that the word "notice," as used in the statute above quoted, means actual notice and not such constructive notice as results from recordation.

It will be noted that third persons without notice are affected only if two essential requirements are complied with—first, the document must be by notarial act; second, the document must be properly recorded in the mortgage office. Hence it will not do to say that, if the recordation is properly made, the other essential—that the act be by notarial act—may be overlooked. What the section clearly intends is that, if a third person has actual notice that the property in question is mortgaged, his rights are affected by the mortgage whether it be executed by notarial act or under private signature, but that, if he has no actual knowledge, his rights can be affected only by a formal notarial act and by such constructive notice thereof as results from timely recordation.

In a case involving facts identical with those now before us, Union Securities Co. v. Neal, Watts, Third Opponent, 9 La. App. 494, 121 So. 316, 317, the Court of Appeal for the Second Circuit said:

"On the second point urged by the seizing creditor—that is, that it had a chattel mortgage on the property seized, our conclusion is that the document on which it relies as a chattel mortgage is not effective against third persons, because it was not executed in notarial form."

It is true that in that case it is not made to appear that the act relied on had been recorded in the mortgage office, but there can be no doubt that such recordation had taken place because no one would seriously have made the contention that an unrecorded mortgage, no matter in what form, could have had effect against third persons without knowledge.

Counsel for intervener contend that the decision in the Union Securities case has been overruled by a later decision rendered by the same court in Shevnin v. Grimmer et al., 10 La. App. 393, 119 So. 894. Such a conclusion is not necessary, as the facts were somewhat different in the latter case. There a landlord sought, by rule, to cancel the inscription of a recorded mortgage covering certain property on his premises. Among other grounds it was contended that the mortgage was not in proper form. The court held that by his filing a suit to cancel the inscription the landlord had evidenced knowledge of the existence of the mortgage.

Of course, if the landlord in the case at bar had had actual knowledge, the situation might be the same as that which was presented in the Shevnin case. That both a formal notarial act and a proper recordation in the mortgage office is necessary to affect third persons without actual notice is indicated in the decision of the Supreme Court of Louisiana in Palmisano v. Louisiana Motors Co., 166 La. 416, 117 So. 446.

We can reach no other conclusion than that here, in order to avoid the delay of going to the office of the notary, the act was signed out of his presence and, hence, is not a notarial act and is not effective, except as between the parties or as against those who may be shown to have had actual knowledge of its existence.

Intervener further charges that the burden should have been on the landlord to show that he had no actual knowledge of the existence of the mortgage and, as authority for the soundness of this contention, again cites Shevnin v. Grimmer et al., supra. We cannot agree that there is any such negative burden placed on such third persons by the chattel mortgage act. Parties are given a clear, easy way of protecting themselves against the world. They are told that they may create a security good as against all persons by having the necessary act passed before a notary and by recording it. If they choose to take short cuts, or to attempt to save time, or money, the burden is on them to show that, nevertheless, certain third persons knew of the transaction and are thus bound by it. Since the record is silent on the question of actual knowledge, we will assume that no such knowledge existed.

The judgment appealed from is annulled, avoided and reversed and there is now judgment in favor of plaintiff, Mrs. Leana Dainello, wife of Louis Milano, and against intervener, General Finance Company of Louisiana, Inc., and against Philip J. Burns, constable of the First City Court of New Orleans, recognizing plaintiff's lien on the Ford coupe automobile bearing 1930 license No. 106074 seized in these proceedings, and ordering and directing the said Philip J. Burns, constable of the First City Court of New Orleans, to pay to plaintiff the sum of $235, proceeds derived from the sale of the said automobile; intervener to pay all costs of these proceedings.