## THIGPEN v. WALL PRINTING CORPORATION, Inc. (INTERTYPE CORPORATION et al., Interveners).*

### No. 4446.

Court of Appeal of Louisiana. Second Circuit.

Feb. 6, 1933.

T. A. Carter, of Alexandria, for appellant.

White, Holloman & White, of Alexandria, for intervener appellee Intertype Corporation.

H. W. Hill and John R. Hunter, both of Alexandria, for intervener appellee Guaranty Bank & Trust Co.

### MILLS, J.

In this case plaintiff brings suit against defendant for $1,350, interest and attorney's fees for rent of certain premises in Alexandria, La., and $29 for plate glass insurance. He was granted by the lower court an uncontested judgment against defendant for that amount, with 5 per cent. interest from judicial demand until paid, and 10 per cent. on principal and interest and all costs of suit. His lessor's lien is recognized and writ of provisional seizure is maintained.

The judgment, however, is rendered without prejudice to the rights and privileges asserted by the Intertype Corporation, intervener, the ranking of whose privilege being reserved for adjudication on the trial of the intervention.

The Guaranty Bank & Trust Company intervened, asserting a privilege as holder of chattel mortgage notes, superior to that of both plaintiff and Intertype Corporation. As the record shows that the bank had executed

written waivers of its priority over the liens of the lessor and other intervener, its opposition can be disposed of at once by granting it judgment as prayed for against defendant, Wall Printing Company, but subordinating its privilege on the property in controversy to that of both lessor, J. B. Thigpen, and intervener Intertype Corporation, leaving to be disposed of the controversy between plaintiff and Intertype Corporation as to the ranking of their liens.

Among other property provisionally seized was an Intertype machine and accessories. This machine was sold to defendant in 1922, by the Intertype Corporation, for a cash consideration and deferred payments amounting to $4,200, represented by a series of notes secured by chattel mortgage dated and recorded on August 26, 1922. The mortgage was passed by private act acknowledged before a notary.

Defendant, having reduced its indebtedness to $2,665.32, on July 10, 1925, executed new notes and chattel mortgage for the amount of this balance. This act was recorded on August 4, 1925, and was likewise an act under private signature acknowledged before a notary public.

Having reduced its indebtedness to $2,045.47, defendant, on January 5, 1927, executed new notes and chattel mortgage for this balance. The mortgage was recorded on January 28, 1927, and likewise was by private act acknowledged before a notary.

■ These three mortgages do not meet the requirements of section 2, Act No. 198 of 1918, known as the "Chattel Mortgage Act," which reads: "In order to affect third persons without notice, said instrument must be passed by notarial act."

The authentic act is defined in article 2234, Revised Civil Code, to be "that which has been executed before a notary public or other officer authorized to execute such functions, in presence of two witnesses." The decisions make no distinction between an authentic act and notarial act.

"The proposition that a notary by a mere certificate can convert an act under private signature into a notarial act is clearly untenable." Baker v. Baker, 125 La. 969, 52 So. 115, 117; Union Securities Co. v. Neal, 9 La. App. 494, 121 So. 316; Dainello v. McCoy, 15 La. App. 358, 131 So. 608.

"Statute directing performance in particular manner by implication forbids every other manner of performance." Lieber v. Watt, 19 La. App. 650, 139 So. 778.

"All mortgages are stricti juris." Revised Civil Code, arts. 3283, 3306; Durel v. Buchanan, 147 La. 804, 86 So. 189, 192.

As there is no proof in the record that Thigpen, the lessor, had any actual notice of these three chattel mortgages, they cannot affect in any way his lessor's lien.

■■ Having reduced his indebtedness to $1,689.97, defendant, on March 15, 1928, executed new notes for this balance, secured by a new chattel mortgage recorded on March 27, 1928. This act is in authentic form, but was passed before Lee J. Novo, notary public. The body of the act shows Lee J. Novo to be the authorized agent of the mortgagee in the transaction. The act is signed "Intertype Corporation, by Lee J. Novo, Agent." Because of this defect, the plaintiff contends that the mortgage is not a notarial act.

The general rule is that, where he has no personal interest, the notary taking an acknowledgment is not disqualified because of the fact that he is agent or attorney for one of the parties. 1 C. J., 807, and cases cited; 1 R. C. L. 271, and cases cited.

An officer or agent of a corporation not shown to be a stockholder or beneficially interested is qualified to take an acknowledgment where the corporation is a party. 1 C. J., 808, and cases cited; Penn v. Garvin, 56 Ark. 511, 20 S. W. 410; Little v. Thomas, 204 Ala. 66, 85 So. 490; Florida Savings Bank & Real Est. Exchange v. Rivers, 36 Fla. 575, 18 So. 850.

His indebtedness being reduced to $1,268.58, defendant, on July 3, 1930, executed new notes for that amount secured by new chattel mortgage, which was recorded July 10, 1930, and is in correct form as a notarial act. Of this last amount, $1,093.58 is still unpaid and is demanded by intervener, with 6 per cent. per annum interest from May 25, 1930, until paid, and 10 per cent. attorney's fees.

All of the mortgages sufficiently describe the mortgaged property as "one two-letter intertype or type-casting machine of the manufacture of the said Intertype Corporation, known as Intertype, serial No. 4716," and sufficiently locate it as at the place of business of mortgagor in Alexandria, La.

Counsel for intervener Intertype Corporation contend that the execution of each new series of notes and chattel mortgages was but a renewal and extension of the original indebtedness and mortgage, and was not an extinguishment or novation of same. We are not concerned here with the question of the novation of intervener's account. The only issue in this case is the ranking of its lien and privilege, derived from the execution and recordation of the chattel mortgage. Each chattel mortgage given this intervener by the lessee is a new and distinct mortgage securing the whole of the balance due on the machine, at the time it is given. Each is so termed in the resolution of the board of directors of the Wall Printing Company, Inc., authorizing the execution of the mortgage. Each new mortgage in effect extinguished the old one, as no debt remained to be secured under the old one. In any event, what would it avail intervener to place its reliance in the original mortgage when that instrument is not in the form

of a notarial act and could not affect the rights of lessor?

The plaintiff, James B. Thigpen, leased to defendant, Wall Printing Company, Inc., certain premises in the city of Alexandria, La. The lease is in writing, dated —— January, 1928, is for a period of three years, beginning January 1, 1928, and ending December 31, 1930, at a monthly rental of $75. At the expiration of the lease, defendant held over from month to month without agreement until February 28, 1931. On that date a new contract was drawn leasing the premises for another period of three years, beginning January 1, 1931, and ending December 31, 1933, the rental remaining at $75 per month. It will be noted that both of the last two chattel mortgages, the first recorded March 27, 1928, and the latter, July 10, 1930, were executed and recorded after the commencement and before the expiration of the first lease.

The lessor's privilege acquired under a written lease, after the expiration of the written lease, continues as long as the lease is reconducted by the lessee holding over from month to month, but is lost and extinguished by the execution of a new written lease entered into after the expiration of the first lease and during the period of reconduction. Bernhardt v. Sandel, 3 La. App. 139; Youree v. Limerick, 157 La. 39, 101 So. 864, 37 A. L. R. 394; Comegys v. Kandy Kitchen, 162 La. 103, 110 So. 104, 52 A. L. R. 931.

Plaintiff's lessor's lien, having attached before the execution and recordation of the chattel mortgages in proper notarial form, continued and primed the chattel mortgages and vendor's lien of intervener after the expiration of the first lease on December 31, 1931, and through the period of reconduction up to the execution of the new lease on February 28, 1931.

Thereafter, the continuity of the lessor's privilege being broken by the execution of the new lease, the chattel mortgage of intervener Intertype Corporation primed that of lessor.

There is due plaintiff $1,350 for rent. Ten months of this, or $750 is for 1931, plaintiff having terminated the second lease at the end of October, 1931, under the power granted him in the lease to end it at any time, upon failure of lessee to pay the rent. But he has a lien superior to intervener's for only the first two months of 1931. Plaintiff's lien then primes intervener's for all the rent except the last eight months, or to the amount of $750. For the last eight months of the lease, amounting to $600, intervener's lien primes lessor's.

The plea of estoppel filed by plaintiff, based upon the provision in the chattel mortgages of the Intertype Corporation that mortgagor will furnish waiver of landlord's lien at any time requested, was correctly overruled, as the pleader, J. B. Thigpen, les-

sor, was no party to the instrument, and for the further reason that the provision was never acted upon. Schultz v. Ryan, 131 La. 78, 59 So. 21; Saunders v. Busch-Everett Co., 138 La. 1049, 1054, 71 So. 153.

Though the lease provides that lessee shall pay for plate glass insurance, and the testimony shows that $29 is owing for this, we fail to find any provision in the lease granting a lien for this amount, or providing that it should be treated as rent.

The lower court gave judgment for plaintiff and against defendant for $1,379, with 5 per cent. per annum interest thereon from judicial demand until paid, and 10 per cent. attorney's fees on principal and interest, and all costs of suit. The writ of provisional seizure was maintained, and plaintiff's lessor's lien and privilege were recognized on all the property seized, except that covered by the interventions; the respective rank of the liens of plaintiff and interveners being reserved for future adjudication.

Subsequently, there was judgment in favor of intervener Intertype Corporation against defendant, Wall Printing Company, Inc., for $1,093.58, with 6 per cent. per annum interest thereon from May 25, 1930, until paid, and 10 per cent. of principal and interest, as attorney's fees, and the further sum of $87, with six per cent. per annum interest thereon from August 25, 1930, until paid, and all costs, recognizing intervener's lien as a chattel mortgage creditor, and its vendor's lien and privilege, on the Intertype machine and appurtenances, and decreeing said liens to be superior to the chattel mortgage lien of the Guaranty Bank & Trust Company, and to be superior to the lessor's lien asserted herein, except to the extent of $497.

The lessor's lien of plaintiff is decreed superior to that of all other parties to the extent of $497, with 5 per cent. per annum interest thereon from date of judgment until paid, and 10 per cent. on principal and interest, as attorney's fees.

It was further decreed that the Guaranty Bank & Trust Company, intervener, recover of defendant, Wall Printing Company, Inc., the sum of $2,000, with 8 per cent. per annum interest thereon from December 9, 1931, until paid, and 10 per cent. of said principal and interest as attorney's fees, and all costs, recognizing its lien and privilege as a chattel mortgage creditor on the property seized in this proceeding, but decreeing said lien to be inferior to that of the Intertype Corporation so far as the Intertype machine is concerned, and further decreeing its lien and privilege inferior on all of this property seized herein to the lien and privilege of the landlord to the extent of $497, with 5 per cent. per annum interest thereon from date of judgment, and 10 per cent. of principal and interest as attorney's fees.

Both plaintiff and Guaranty Bank & Trust Company took orders of appeal, but only that of plaintiff was perfected. The Intertype Corporation filed an answer to the appeal, asking for recognition of the priority of its lien for the full amount claimed, over the lessor and bank.

The judgment of the lower court is amended by subordinating the lien of the Guaranty Bank & Trust Company to that of the lessor, J. B. Thigpen, in its entirety; by subordinating the chattel mortgage lien of the Intertype Corporation to that of the lessor, J. B. Thigpen, on the Intertype machine and appurtenances, to the extent of $750, and interest and attorney's fees, and by decreeing the Intertype Corporation otherwise to have a first lien and privilege on said machine and appurtenances, superior to all other parties whomsoever; by decreeing lessor, J. B. Thigpen, to have a first lien and privilege on all the property provisionally seized over all parties to the amount of the rent claim of $1,350, with interest and attorney's fees, except as to the Intertype machine and appurtenances upon which its lessor's lien ranking with that of Intertype Corporation is restricted to $750, interest and attorney's fees. J. B. Thigpen should be granted an ordinary judgment for the $29 plate glass insurance.

As thus amended, the judgment of the lower court is affirmed.