## GENERAL FINANCE CO. OF LOUISIANA, Inc., v. WARNER.

### No. 1609.

Court of Appeal of Louisiana. First Circuit.

June 30, 1936

J. Sheldon Toomer, of Lake Charles, and Prowell & McBride, of New Orleans, for appellant.

A. Sidney Burns, of Lake Charles, for appellees.

OTT, Judge.

Plaintiff filed a petition to foreclose on a note for $1,321, dated June 11, 1935, due in ninety days, secured by chattel mortgage on two Studebaker automobiles. To the petition is annexed what purports to be a copy of a chattel mortgage passed before L. A. Malony, a notary public of the parish of Orleans, on June 11, 1935. This chattel mortgage appears to be signed by the receivers of the Capital City Auto Company, Inc., the sellers of the two automobiles, and by Warner Motor Company, per D. C. Warner, the purchaser. Two witnesses signed in the usual place on the left, and the notary signed the document followed by his official title. There is a notation on the margin of the document to the effect

that it was recorded in the chattel mortgage records of Calcasieu parish. No date of recordation is shown on the instrument itself except a pencil memorandum on the back of "6/19." However, the evidence shows that the instrument was recorded on June 19, 1935.

On the seizure of the two automobiles by the sheriff under the executory process issued on the petition, Goldie De Bakey and Louis E. Prejean filed a joint intervention and third opposition in the proceeding claiming ownership of the two automobiles. Miss De Bakey claimed to have purchased one of the automobiles from D. C. Warner, doing business as Warner Motor Company, on August 31, 1935, for a cash consideration of $1,165. She averred that she had no knowledge of the purported chattel mortgage on said automobile until long after she had purchased same and had full possession of said automobile. Prejean alleged that he purchased the other automobile on August 16, 1935, from Mrs. S. M. De Bakey for $865 cash; that Mrs. De Bakey purchased same from said D. C. Warner on August 15, 1935, for $815 cash; that neither he nor Mrs. De Bakey had any knowledge of said purported chattel mortgage when they purchased said automobile on the dates mentioned; that he took possession of said automobile in good faith.

Both opponents attack said chattel mortgage as null and void as to them for the reason that said pretended act of mortgage was not signed by the mortgagor in the presence of the notary public and the witnesses named therein nor was it signed in the parish of Orleans, and the declaration therein that said act was signed in the presence of said notary public and witnesses is false and untrue; that said act is not a notarial act and as to opponents said act confers no lien or privilege on said two automobiles.

D. C. Warner answered admitting the allegations of the third opponents in practically all particulars. The foreclosing creditor answered the oppositions in effect making a general denial.

Judgment was rendered in favor of third opponents enjoining the execution of the said chattel mortgage against said two automobiles and ordering same released to third opponents. Plaintiff has appealed.

■ The evidence fully supports the claim of the opponents to the effect that they purchased the two automobiles on the dates alleged for a valuable consideration and immediately took possession of the property. The testimony further shows that neither of these opponents had any actual knowledge of the chattel mortgage against these two cars signed by Warner on June 11, 1935, and recorded in Calcasieu parish on June 19, 1935. The evidence further shows that this chattel mortgage was signed by Warner, the mortgagor, and mailed by him to the Capital City Auto Company, in New Orleans. Warner did not sign the act in the presence of the notary nor in the presence of either of the witnesses. In fact, the mortgagor never saw the notary nor any of the witnesses whose names were signed to the instrument in New Orleans after Warner had signed in Lake Charles.

Under the above facts it is clear that the instrument signed by Warner was not a notarial act. A document signed out of the presence of the notary is not a notarial act. Abshire v. Comeaux, 159 La. 1087, 106 So. 574.

■ A chattel mortgage must be in writing, and, in order to affect third persons without notice, said instrument must be passed by notarial act, or by private act duly acknowledged by one of the parties thereto or by one of the subscribing witnesses, and the act or a certified copy must be recorded in the parish where the property is situated. Chattel Mortgage Law of Louisiana, Act No. 198 of 1918, and its amendment by Act No. 189 of 1932.

■ As the act in question in this case is not a notarial act because not signed in the presence of the notary, and as it is not claimed to be an act under private signature acknowledged as required by law, the sole and only question presented for decision in this case is whether or not a notarial act, apparently regular on its face, but defective as such an act because of some latent irregularity, can serve as constructive notice to third persons not having actual knowledge of the chattel mortgage. As Warner admits signing the act, there can be no question of the validity and effect of the chattel mortgage in so far as he is concerned, or in so far as third persons with actual knowledge are concerned.

When the opponents purchased these two cars in August, 1935, there was standing on the public records of Calcasieu parish an apparently regular and legal chattel mort-

gage on the cars. Opponents had no actual knowledge of that fact. The question presented is not res nova.

The granting of a chattel mortgage on movable property so as to impress a lien and privilege on such property into whomsoever's hands it may come, thereby in effect, and to a certain extent, restricting the free movement of such property in commerce, was a new departure in the system of law in Louisiana under which system the utmost freedom is given to such property while moving in commerce. The purchaser for value and in good faith of such property has been given the greatest possible protection. Therefore, in passing the chattel mortgage law the Legislature provided a specific and plain method by which a third person was to be given notice of the existence of a chattel mortgage on certain movable property whereby the third person was to be charged with notice that a lien and privilege existed on the property about to be purchased.

In order to affect third persons without actual notice of the chattel mortgage, the law provides that the act creating the lien and privilege must be notarial in form, or acknowledged by one of the parties or one of the witnesses, and must be recorded in the parish where the property is located.

The first case we find on this point is the case of Union Securities Co. v. Neal, Watts, Third Opponent, 9 La.App. 494, 121 So. 316. In that case the act did not purport on its face to be a notarial act, but an act under private signature, and while recorded in the records of the parish, was not effective against third persons because it was not in notarial form. The above opinion was rendered by Judge Odom while on the Second Circuit Court of Appeal. The same court, in a decision rendered only a short time after the above opinion was rendered, held that an act of chattel mortgage not in notarial form because of some defect in its confection, but duly recorded, is effective against a third person as constructive notice. Shevnin v. Grimmer et al., 10 La.App. 393, 119 So. 894.

Then in the case of Dainello v. McCoy, 15 La.App. 358, 131 So. 608, the Court of Appeal for Orleans Parish, in a case presenting exactly the same situation as is presented in this case, held that a chattel mortgage, regular on its face, but defective as a notarial act because not signed in the presence of the notary, duly recorded, was not constructive notice to third persons without actual knowledge.

The latter case was approved and followed by the Second Circuit in the case of Lieber v. Watt (General Motors Acceptance Corp., Inter.), 19 La.App. 650, 139 So. 778. In that case the chattel mortgage was notarial in form and apparently regular on its face but was not signed in the presence of the notary and the witness. The court held that such a document, duly recorded although apparently regular on its face as a notarial act, could not serve as constructive notice to third persons without actual notice. The court referred to and specifically overruled the expression made in the Shevnin v. Grimmer Case, supra, to the effect that the recordation of a private act would serve as constructive notice to a third person.

In the case of Wessell v. Kite, Southern Furn. Co., Inter., (La.App.) 142 So. 363, the Second Circuit followed its rulings in the case of Union Securities Co. v. Neal, Watts, Intervener, and Lieber v. Watts, supra, as well as the case by the Orleans Court of Appeal, Dainello v. McCoy, supra.

The Supreme Court has never passed directly on the question. The Supreme Court did say in the case of Palmisano v. Louisiana Motors Co., 166 La. 416, 117 So. 446, that the law charges the purchaser of mortgaged personalty with knowledge of the mortgage from the mere fact of registry, and that such notice, to say the least, is equivalent to actual notice. However, in that case there was no question about the notarial character of the act of chattel mortgage. The expression in that case had reference to the kind of mortgage which the law fixed as necessary to charge third persons with notice, viz., a notarial act.

We believe that there is much room for making a distinction between a chattel mortgage apparently regular on its face, and one which shows on its face that it is not such an act as is required to serve as notice to third persons. In the former case, the record would show an apparently good and valid act which, in the absence of actual notice, might well serve as constructive notice to third persons, while in the latter case, the record shows on its face that there is no such act on record as the law requires as notice to third persons. In the former case the defect in the document is latent and must be proved dehors the instrument, while in the latter case the

defect is patent on the face of the instrument itself.

However, no such distinction has been made in the cases cited from the Second Circuit and the Orleans Court of Appeal. In two of the cases, Lieber v. Watt and Dainello v. McCoy, there was nothing in the recorded mortgages themselves to indicate that they were not notarial acts. The facts in those two cases were exactly similar in that respect to the situation in the present case, and if we are to be guided by precedent we cannot overlook the force of those two decisions. They are clear and unequivocal and entitled to our greatest respect. They represent the views of the other two Circuit Courts of Appeal in the state, and our following them will tend to uniformity in the jurisprudence at least in all three Courts of Appeal.

The intervener, appellee herein, filed a motion in this court asking for damages for frivolous appeal in which we find no merit. In the first place, the appeal is only devolutive, and consequently there need not have been any loss sustained by delay consequent on the appeal. C.P. art. 907. In the second place, there is no moneyed judgment demanded; and, thirdly, the appeal presented a question of law which is far from being frivolous. The motion is therefore overruled.

Judgment affirmed. Plaintiff appellant to pay all costs.