The principal complaint of counsel for Smit and Dillard seems to be to the ruling of the court on the merits wherein it is held that the validity vel non of the chattel mortgage was of no concern to their clients as their liability did not arise out of the chattel mortgage on the automobile but was purely statutory and arose out of their failure to have procured the affidavit required by Section 8 of Act No. 172 of 1944.
Counsel states that that point was not raised in the pleadings and neither in brief nor in argument before the court. Whilst it is true that it was not made an issue in the pleadings in the case we did find the point raised in brief of counsel for plaintiff who cited the very case of Southland Securities Co., Inc., v. Thieme, La. App., *Page 903 
142 So. 375, which was used as authority for the ruling in the opinion handed down in the present case. Besides, counsel himself must have given some consideration to the issue for, as is pointed out in the opinion handed down, he virtually conceded, in language which is quoted from his brief, that plaintiff's action against his clients arose out of their failure to have obtained the affidavit required by the statute.
But even though our decision on the merits be not restricted to that issue and we were to give consideration to the validity of the act of mortgage which is the subject of attack, and which we are willing to do at this time, we are definitely of the opinion that the act of chattel mortgage is a legal and valid one and that counsel has failed in his attack.
The validity of the mortgage is challenged on the ground that it fails to meet one of the requirements of Article 2234 of the Revised Civil Code in that it was not executed in the presence of two witnesses. The testimony on this point reveals that the two persons who signed as witnesses worked for the notary before whom the act was executed. Whilst the two witnesses were not present in the same room with the notary and the mortgagor and mortgagee when the latter signed the act, they were in an adjoining room and were called in by the notary to attest the act. They there saw the parties to the act with the notary, were fully aware of what they were called in for and acted accordingly. We have no doubt but that a very large proportion of authentic acts are executed in the same manner and it amounts, in our opinion, to a substantial and satisfactory compliance with the requirements of the law.
A mere reading of the cases cited by the trial judge in holding that the act of mortgage was invalid is sufficient to differentiate the facts from those in the present case. They are General Finance Co. v. Warner, La. App., 169 So. 112 and Lieber v. Watts, 19 La. App. 650, 139 So. 778. In the first of these two cases, the mortgagor signed the act of mortgage in Calcasieu Parish and it was then sent to New Orleans to be executed by a Notary. In the second, the act was not signed in the presence of the notary and one of the attesting witnesses. Clearly the acts were invalid and could not affect third persons.
We find no merit in any of the other contentions on which the act is attacked and therefore a re-hearing will be refused.