*(margin: SUCCESSION OF HARRELL.)*

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

CITY OF NEW ORLEANS. *v.* W. W. VAUGHT.—J. B. McLIN, Intervenor and Appellee, R. Y. CHARMBURY, Appellant.

The landlord has a privilege upon the property of the defendant not yet removed from the leased premises. His privilege is continued in force by the order of the court directing the Sheriff to retain in his hands the proceeds of the property seized.

APPEAL from the Fourth District Court of New Orleans, *Reynolds,* J. *Durant & Hornor,* for appellant. *A. W. Jourdan,* for intervenor.

VOORHIES, J. On the 4th of February, 1851, *James B. McLin* leased several lots of ground to the defendant for the term of five years, at $400 per annum, payable in advance, for which the latter furnished his four promissory notes, and stipulated to pay besides all the city and State taxes on said property until the expiration of the lease.

On the 3d of April, 1855, an execution in favor of the plaintiff against the defendant was levied on certain movable effects found on the property thus leased. *James B. McLin* thereupon filed an opposition, in which he claimed to have a privilege for rent, amounting to the sum of $1092 50, which entitled him to be paid in preference to the plaintiff out of the proceeds of the sale, and prayed that the plaintiff and defendant be cited to answer his demand, and for judgment in his favor, &c.

An order directing the Sheriff to retain in his hands the proceeds of the sale until the further order of the court, was granted on the 28th of April, 1855. On the 11th of the same month, the same property was seized under an execution against the defendant in favor of *R. Y. Charmbury.*

The movable effects thus seized continued to remain on the property leased until the 4th of June, 1855, when the same were sold at twelve months' credit under the plaintiff's execution, for the price of $3525, for which the purchaser executed his twelve months' bonds in favor of the Sheriff.

On the 9th of May, 1856, *James B. McLin* obtained a definitive judgment in his favor for the amount of his claim, with privilege as prayed for. On the 5th of July following, he took a rule upon the Sheriff and *R. G. Charmbury,*

NEW ORLEANS.  to show cause why his judgment should not be paid by preference out of the
*v.*
VAUGHT.       proceeds of the effects thus sold.  *Charmbury* answered by denying the exist-
ence of any such right of preference, and is appellant from a judgment making
the rule absolute.

As the proceeds of the sale are shown to be sufficient to satisfy the claims
of the plaintiff and the appellee, consequently the controversy in this case is
only between the latter and *Charmbury*.

Two questions are submitted by the appellant for our decision:

"1st. Had *McLin* any landlord's privilege, as against *Charmbury*, on the
28th of April, 1855, when he filed his intervention and third opposition?

"2d. If he had, had his said privilege been contined in force since that date
by the order of court directing the Sheriff to retain in his hands the proceeds
of the property seized?"

We are of opinion that both these questions must be decided affirmatively.
When *McLin* asserted his privilege, it is clear that the defendant in execution
had not been divested of his title to the property thus seized, and that said
property had not been removed from the leased premises.  C. P. 663; 8 N. S.
361; 1 R. 41; 6 R. 100; 5 An. 112.

The appellee's opposition, claiming his privilege as lessor, was in our opinion
seasonably made in order to secure his right to the same, under Articles 395
and 401 of the Code of Practice.  As the property was seized and sold under
the plaintiff's writ, we do not think the appellee was bound to make a similar
opposition in regard to *Charmbury's* execution.

It is, therefore, ordered and decreed, that the judgment of the court below
be affirmed, with costs.