No. 270.—L. D. ARICK *v.* WALSH & BOISSEAU et al.

A lessor has a superior right to the proceeds of the sale under execution of cotton, mules and other property on the leased premises, for the payment of the rent, to that of the seizing creditor.

The lessor may take the movable effects found on the leased premises into his actual possession, and retain them until the rent is paid. This right of pledge which the lessor has accorded to him by law on the movables on the premises leased, need not be registered to preserve it.

When, therefore, as in the present case, a judgment creditor of the lessee seizes and sells the movable effects on the leased premises, the lessor has the preference on the proceeds of the sale over that of the seizing creditor for the payment of the rent, without reference to whether the pledge in favor of the lessor of the movables on the premises leased has been registered or not.

APPEAL from the Tenth Judicial District Court, parish of Caddo. *Levisee,* J. *Land & Taylor,* for plaintiff and appellant. *Nutt & Leonard,* for defendants and appellees.

LUDELING, C. J. The only question for decision in this case is whether a lessor who has not recorded his lease has a better right to the proceeds of cotton, mules, etc., on the leased premises, sold under execution, than the seizing creditor, who has not himself registered his seizure. Article 3218 of the Civil Code declares that "the right which the lessor has over the products of the estate, and on the movables which are found on the place leased, for his rent, is of a higher nature than mere privilege. The latter is only enforced on the price arising from the sale of movables to which it applies. It does not enable the creditor to take or keep the effects themselves specially. The lessor, on the contrary, may take the effects themselves and retain them until he is paid." This right of pledge need not be registered to preserve it. There is no law which requires its registry, nor does the

reason of the law which requires privileges to be registered, apply to the rights of the lessor. Every one is presumed to know that the products and movables found on a leased place are pledged for the payment of the rents, and whoever deals with the lessee, does it at his risk. The possession of the lessee is that of the lessor. C. C. 3433. And the sheriff could not lawfully take away the property without first satisfying the lessor's claim for rents. 5 An. 111.

On the other hand, the right which the seizing creditor acquires by his seizure to be paid in preference to all others who have not at the time of his seizure a mortgage lien or privilege, results solely from his superior diligence. It does not spring from the nature of his debt, nor does it inhere in the debt, for the right exists only while the seizure is maintained. This right of the seizing creditor can not defeat rights existing at the time of and prior to the seizure. 7 An. 1.

It is therefore ordered and adjudged that the judgment of the court of the first instance be avoided and reversed, and that there be judgment in favor of the plaintiff, perpetuating the injunction and recognizing his superior right on the proceeds of the property sold under the execution of the defendants to the extent of his rents, and that defendants pay costs of both courts.