No. 3447

Second Circuit

---

## UNION SECURITIES CO. v. NEAL, WATTS, THIRD OPPONENT

---

(December 19, 1928. Opinion and Decree.)

---

McHenry, Montgomery, Lamkin & Lamkin, of Monroe, attorneys for plaintiff, appellee.

Matthew C. Redmond, of Monroe, attorney for defendant, appellant.

ODOM, J. The controversy in this case is between the Union Securities Company, the seizing creditor, and the lessor, Frank J. Watts, over the proceeds of a sale of certain personal property seized by the Sheriff under a writ of fieri facias, said property having been seized in the leased premises.

The seizing creditor obtained a judgment against P. Neal, proprietor of the P. Neal Meat Market, for the sum of $835.00, due on the purchase price of an ice box called a "Friedrich Freezer." After the judgment became final, the plaintiff obtained a writ of fieri facias, under which the Sheriff seized the said freezer which was then situated in a building owned by Watts, intervenor. Immediately after the seizure the Sheriff removed the freezer from the leased premises and stored it in some other building. This was done on July 28, 1927. Eight days later, or on the 5th day of August, 1927, the lessor intervened in the suit, setting up his claim for rent and asked for an order of provisional seizure, and that the proceeds of the sale of the property be held by the Sheriff until the further orders of the Court.

The defense which the plaintiff, seizing creditor, makes to the lessor's opposition, claiming the proceeds of the sale, is:

1. That the lessor's lien and privilege were lost by the removal of the property from the leased premises after the expiration of fifteen days from the date of its removal; and

2. That the seizing creditor had a chattel mortgage on the property seized for the payment of its claim, which chattel mortgage primed lessor's claim.

There was judgment in the District Court rejecting intervenor's demands, from which judgment he has appealed.

## OPINION

The judgment itself does not show, and we are not informed as to the grounds upon which the District Court rejected the landlord's claim. Whether it was because his privilege had been lost on account of the removal of the property seized from the leased premises, or whether because the Court recognized the seizing creditor's chattel mortgage on the property and held that it primed the lessor's lien. Our conclusion is that the judgment appealed from is erroneous in either event.

No citation of authority is necessary on the point that the lessor who permits the property of his lessee to be taken out of the leased premises and remain off the premises for more than fifteen days, loses his privilege thereon. On the trial of the case on its merits, it was alleged by the landlord, and admitted by the seizing creditor, that the property of the lessee was seized by the Sheriff under a writ of fieri facias on July 28th, and was immediately removed by him from the leased premises; and, while it is shown by the pleadings that the landlord filed third opposition, claiming the proceeds of the sale, on August 5th, eight days later, it was not proved that the landlord had said property seized by the Sheriff under a writ of provisional seizure, and it is contended by plaintiff, the seizing creditor, that inasmuch as no seizure of the property was shown, the landlord has lost his privilege. To this proposition, we cannot accede. Under the circumstances of this case, actual seizure of the property by third opponent was not necessary to

preserve his privelege as lessor. When the lessor filed his opposition claiming the proceeds of the sale, the property on which his privilege rested was already in the hands of the Sheriff, and another seizure thereof was unnecessary.

In the case of City of N. O. vs. Vaught, McLin, Intervenor, 12 La. Ann. 339, the property of the defendant was seized under fieri facias. More than fifteen days thereafter, the lessor intervened and claimed the lessor's right and privilege on the movables. The Court held that this was the proper proceeding by intervention and third opposition without seizure of the effects already under seizure and that the lessor was entitled to be paid the full amount of his rent out of the proceeds of the sale under fieri facias. To the same effect is the holding in the case of Robinson vs. Staples, 5 La. Ann. 712. In the latter case, Judge Slidell, the organ of the court, discussing the question as to whether provisional seizure was necessary under the Constitution, said:

"It is not, therefore, well argued by plaintiff's counsel that the lessors cannot have their privilege in this case because they did not make a provisional seizure under the Statute. The proceeding was unnecessary, the property being already in custodiam legis."

To the same effect is the case of Conrad vs. Patzelt, Jackson, Intervenor, 29 La. Ann. 465. In the Conrad case, the Court gave as a reason for the rule that:

"The law having laid hold on the property for the purposes of the suit, will not permit the ends of justice and the rights of those who have invoked its aid to be thwarted or defeated by transfers or changes or divestiture of title pendente lite."

See also Robb vs. Wagner, 5 La. Ann. 111; Hill & Co. vs. Bourcier and Pond,

29 La. Ann. 841 (844); Carroll vs. Banck-er, 43 La. Ann. 1078 (1091), ·1194, 10 So. 187.

The courts have uniformly held that there is no necessity for a second seizure of the property where the same is already in the hands of the Sheriff under a prior legal seizure. The intervenor in this case could not have arrested the sale of the property under the fieri facias, nor could he have prevented the removal thereof by the Sheriff. Case vs. Kloppenberg, 27 La. Ann. 482. He could not have enjoined the sale. Pickens vs. Webster, et al., 31 La. Ann. 870.

And it has already been held that a Sheriff has no right to remove property from leased premises without paying the rent. Robb vs. Wagner, 5 La. Ann. 111; Arick vs. Walsh and Boisseau, et al., 23 La. Ann. 605; Cooper vs. Cappel, et al., 29 La. Ann. 213; Trager Company vs. Cavaroc Company, Limited, 123 La. 319, 48 So. 949.

Our holding, therefore, is that no actual seizure of the property was necessary by the landlord, and that, having intervened and claimed the proceeds of the sale prior to the expiration of the fifteen days from the date on which the property was removed from the leased premises by the Sheriff, and having obtained an order directing the Sheriff to hold the proceeds of the sale, he has done all that was necessary and his lien is preserved.

On the second point urged by the seizing creditor—that is, that it had a chattel mortgage on the property seized, our conclusion is that the document on which it relies as a chattel mortgage is not effective against third persons, because it was not executed in notarial form.

Section 2, Act 198 of 1918, the Chattel Mortgage Law, provides:

"In order to affect third persons without notice, said instrument must be passed by notarial act and the original or a certified copy thereof shall be recorded in the office of the Recorder of Mortgages in the Parish · where the property shall then be situated * * * ."

The document relied upon does not purport on its face to be a notarial act. It is signed by P. Neal, and is not signed by any witnesses or notary.. But, following the signature of Neal, we find the following certificate:

"LOUISIANA CERTIFICATE OF AC-KNOWLEDGMENT FOR INDIVIDUAL OR PARTNERSHIP.
"United States of America,
"State of Louisiana,
"Parish of Ouachita,
"Before me, the undersigned authority, this day personally came and appeared P. Neal, Prop. P. Neal Meat Market, to me personally known, who signed the foregoing document before me and in the presence of the two subscribing legal witnesses and acknowledged to me in the presence of said witnesses that he had signed the above and foregoing as his voluntary act and deed, and for the uses and purposes therein set forth.
"In faith whereof I have hereunto set my hand and seal of office this 30th day of March, A. D., 1926, at Monroe, Louisiana.
            LAURA LUZENBERG,
                    Notary Public.
                (Style of Officer)"
"WITNESSES:
Irvin Hodge.
L. H. Davis."

In the case of Baker vs. Baker (Bank of Delhi, Intervenor), 125 La. 969, 52 So. 115, the court held that a notarial act, in order to conform to the requirements of the law, must be signed by the parties, the notary and two witnesses, and the Court held:

"The proposition that a notary by a mere certificate can convert an act under private signature into a notarial act is clearly untenable."

To the same effect is the holding in the case of West Louisiana Bank vs. Dawson, 154 La. 830, 98 So. 263.

Counsel for the seizing creditor contend that the act here in controversy is distinguishable from that considered by the Court in the case of Baker vs. Baker, supra, in that in the Baker case, Mrs. Baker appeared before the notary and acknowledged, in the presence of two subscribing witnesses, that she had signed the document, whereas in the case at bar, the notary certified that P. Neal signed the document before him and in the presence of two subscribing witnesses, but the certificate of the notary cannot convert a private instrument into a notarial act. The document itself is not signed by the witnesses, nor is it signed by the notary himself. Two witnesses, Hodge and Davis, did attest the certificate of the notary, but P. Neal did not sign the certificate.

A notarial act is one which makes full proof of itself. We hold that the alleged chattel mortgage is not one which has effect against third parties without notice, in that it is not clothed with the formalities prescribed by law.

The third opponent made proof that at the time the property was seized, the judgment debtor owed rent at $37.50 per month, for seven months, amounting to $262.50, but that he was entitled to credit thereon for $53.42, leaving a balance due of $209.08. The landlord is entitled to be paid that amount out of the proceeds of the sale of the property by preference and priority over the claim of the seizing creditor.

For the reasons assigned, it is therefore ordered, adjudged and decreed that the judgment appealed from be reversed; and it is now ordered and decreed that the lessor's claim for rent, amounting to $209.08, be recognized, and that the Sheriff pay to him that sum by preference and priority over the claim of the seizing creditor; and that all costs of the opposition and of the appeal be paid by the seizing creditor.