GLADNEY, Judge.
Vernon H. Edmonds, alleging his entitlement to a statutory privilege for unpaid wages under LSA-C.C. Arts. 3191 and 3214, caused personal property of the defendant .to be- seized under a writ of sequestration and removed by the sheriff from premises leased by defendant from Joe and Anthony Pernici. Judgment was obtained by Edmonds for the amount .of his claim-with recognition of the privilege, after which a writ of fieri facias issued and the property was advertised for sale. Prior to the sale, but more than fifteen days after the property was removed by the sheriff from the leased premises, the lessors filed a third opposition claiming preferential payment from the proceeds of the sale for unpaid rent due when the property • was first seized.
All material facts were stipulated and it is conceded that unless the lessors’ lien on the seized property was lost because not asserted within fifteen days after its removal from the leased premises, the opposition should be sustained.
The trial court decided third opponents lost their lien and privilege by permitting fifteen days to elapse without taking legal action, relying upon LSA-C.C. Articles 2705 and 2709, which provide:
“The lessor has, for the payment of his rent, and other' obligations -of' the *432 lease, a right of pledge on the movable effects of the lessee, which are found on the property leased. * * *
******
“In the exercise of this right, the lessor may seize the objects, which are subject to it, before the lessee takes them away, or within fifteen days after they are taken away, if they continue to be the property of the lessee, and can be identified.”
Accordingly, . the third opposition was denied and this appeal was perfected by the third opponents.
The judgment from which appealed must be reversed on the authority of Union Securities Company v. Neal, 1928, 9 La.App. 494, 121 So. 316, 317. The remarks of Judge Odom in that case are appropriate here and we quote:
“The judgment itself does not show, and we are not informed as to the grounds upon which the district court rejected the landlord’s claim, whether it was because his privilege had been lost on account of the removal of the property seized from the leased premises, or whether because the court recognized the seizing creditor’s chattel mortgage on the property and held that it primed the lessor’s lien. Our conclusion is that the judgment appealed from is erroneous in either event.
“No citation of authority is necessary on the point that the lessor who permits the property of his lessee to be taken out of the leased premises and remain off the premises for more than 15 days, loses his privilege thereon. On the trial of the case on its merits, it was alleged by the landlord, and admitted by the seizing creditor, that the property of the lessee was seized by the sheriff under a writ of fieri facias on July 28th, and was immediately removed by him from the leased premises, and, while it is shown by the pleadings that the landlord filed third opposition, claiming the proceeds of the sale, on August 5th, 8 days later, it was not proved that the landlord had said property seized by the sheriff under a writ of provisional seizure, and it is contended by plaintiff, the seizing creditor, that, inasmuch as no seizure of the property was shown, the landlord has lost his privilege. To this-proposition we cannot accede. Under the circumstances of this case, actual seizure of the property by third opponent was not necessary to preserve his-privilege as lessor. When the lessor filed his opposition claiming tne proceeds of the sale, the property on which, his privilege rested was already in the hands of the sheriff, and another seizure thereof was unnecessary.
“In the case of City of New Orleans v. Vaught, McLin, Intervener, 12 La. Ann. 339, the property of the defendant was seized under fieri facias. More' than 15 days thereafter, the lessor intervened and claimed the lessor’s right and privilege on the movables. The court held that this was the proper proceeding by intervention and third opposition without seizure of the effects-already under seizure and that the-lessor was entitled to be paid the full amount of his rent out of the proceeds-of the sale under fieri facias. To the same effect is the holding in the case of Robinson v. Staples, 5 La.Ann. 712. In the latter case, Judge Slidell, the organ of the court, discussing the question as to whether provisional seizure was necessary under the Constitution,, said:
“ ‘It is not, therefore, well argued by plaintiff’s counsel that the lessors-cannot have their privilege in this case because they did not make a provisional seizure under the statute. The proceeding was unnecessary, the property being already in “custodia legis.” r
“To the same effect is the case of Conrad v. Patzelt, Jackson, Intervener, 29 La.Ann. 465. In the Conrad Case the court gave as a reason for the rule that:
*433 “ ‘The law, having laid hold on the property for the purposes of the suit, will not permit the ends of justice and the rights of those who have invoked its aid to be thwarted or defeated by transfers or changes or divestiture of title pendente lite.’ .
“See, also, Robb v. Wagner, 5 La.Ann. 111; J. Davidson Hill & Co. v. Bourcier & Pond, 29 La.Ann. 841, 844; Carroll v. Bancker, 43 La.Ann. 1078, 1091, 1194, 10 So. 187.
“The courts have uniformly held that there is no necessity for a second seizure of the property where the same is already in the hands of the sheriff, under a prior legal seizure. The inter-vener in this case could not have arrested the sale of the property under the fieri facias, nor could he have prevented the removal' thereof by the sheriff. Case v. Kloppenburg, 27 La.Ann. 482. He could not have enjoined the sale. Pickens v. Webster, 31 La.Ann. 870.
“And it has already been held that a sheriff has no right to remove property from leased premises without paying the rent. Robb v. Wagner, 5 La.Ann. 111; Arick v. Walsh & Boisseau, 23 La.Ann. 605; Cooper v. Cappel, 29 La.Ann. 213; I. Trager Co. v. Cavaroc Co., Limited, 123 La. 319, 48 So. 949.
“Our holding, therefore, is that no actual seizure of the property was necessary by the landlord, and that, having intervened and claimed the proceeds of the sale prior to the expiration of the IS days from the date on which the property was removed from the leased premises by the sheriff, and having obtained an order directing the; sheriff to hold the proceeds of the sale, he has done all that was necessary and his lien is preserved.”
Due proof has been made that defendant, Totem Stores, Inc. failed to pay rent due on the leased premises for the months of July, August and September, 19S4, and that the total rent due and owing is $450. It is also' conceded that the property under seizure in, this case is subject to any valid existing lessor’s lien. In view of our findings as above set forth, the landlords are entitled to be paid that amount out of the proceeds of the sale of the property by preference and priority over the claim of the seizing creditor.
For the reasons assigned it is, the"efore, ordered that the judgment from which appealed be reversed-and it is now ordered, adjudged and decreed that there be judgment in ‘ favor of third opponents, Joe Pernici and Anthony Pernici, recognizing their lessor’s lien for the sum of Four Hundred Fifty ($450.00) Dollars, with legal interest from judicial demand, and it is further ordered that the sheriff pay lessors that sum by preference and priority over the claim of the Seizing creditor, Vernon H. Edmonds, and that all costs of the opposition and of the appeal be paid by the seizing creditor.