**86 So.2d 104**

**Vernon H. EDMONDS**

**v.**

**TOTEM STORES, Inc. et al.**

No. 42548.

Feb. 20, 1956.

Morgan, Baker & Skeels, Shreveport, for applicant.

Whitmeyer & Alexander, Shreveport, for third opponents, respondents.

PONDER, Justice.

We granted writs in this case to review a judgment of the Court of Appeal, Second Circuit, reported in 81 So.2d at page 431, wherein the court of appeal held that a lessor could assert his privilege on property that had been previously seized by the sheriff and removed from the premises some 87

days previous to the filing of the third opposition by the lessor.

Relator, Vernon H. Edmonds, filed suit against Totem Stores, Incorporated, for wages due him as a clerk while employed by Totem Stores, Incorporated. A writ of sequestration issued under the authority of Articles 3191 and 3214 of the LSA–Civil Code and, in accordance therewith, the movable property was removed from the premises on September 8, 1954. On October 20, 1954, judgment was entered by default in favor of relator ordering that the writ of sequestration be maintained with recognition of relator's lien for wages due and privilege and ordering that the property seized be sold and that relator's claim be paid out of the proceeds of the sale with preference and priority over all others. On December 4, 1954, the respondents herein, Joseph and Anthony Pernici, as lessors of Totem Stores, Inc., filed a third opposition seeking to enforce their lessor's privilege on the movable property of Totem Stores, Incorporated. The district court denied the claim of third opponents and, on appeal, the court of appeal reversed this judgment and rendered judgment recognizing the claim of third opponents (respondents herein) as being superior to that of relator. We granted writs, upon application by relator, to review this matter, and it is now submitted for our determination.

The validity of the claim of third opponents for rent is admitted as is relator's claim for wages due, hence, the only question before this Court is whether the lessor's privilege was lost when the lessor failed to file his third opposition or take any steps to enforce his lien and privilege within fifteen days after the property was removed from the leased premises.

The trial court relied upon Articles 2705 and 2709 of the LSA–Civil Code in deciding that the third opponents lost their lien and privilege by permitting more than fifteen days to elapse without taking legal action. The court of appeal in reversing this judgment relied solely upon the decision in Union Securities Co. v. Neal, 9 La.App. 494, 121 So. 316, 317, and quoted at length therefrom.

In a brief filed in this Court relator quotes the following language from that case, Union Securities Co. v. Neal, supra, in support of his position, viz.:

"No citation of authority is necessary on the point that the lessor who permits the property of his lessee to be taken out of the leased premises and remain off the premises for more than 15 ·days, loses his privilege thereon. * * * Our holding * * * is that no actual seizure of the property was necessary by the landlord, and that, having intervened and claimed the proceeds of the sale prior to the expiration of the 15 days from the date on which the property was removed from the leased premises by the sheriff, and having obtained an order directing the sheriff to hold the proceeds of the

sale, he has done all that was necessary and his lien is preserved."

The facts of that case show that the property was seized at the instance of the plaintiff and removed from the leased premises on July 28, 1927; eight days later the lessor intervened in the suit setting up his claim for rent. The defense to the suit was that the lessor's lien and privilege were lost by the removal of the property from the leased premises inasmuch as the lessor was not the instigator of the seizure and had not caused same to issue at his instance. The holding of the court was that no actual seizure of the property was necessary by the landlord and "that, having intervened and claimed the proceeds of the sale prior to the expiration of the 15 days from the date on which the property was removed from the leased premises by the sheriff, and having obtained an order directing the sheriff to hold the proceeds of the sale, he has done all that was necessary and his lien is preserved."

In the course of the opinion in the above quoted case, the decision in City of New Orleans v. Vaught, 12 La.Ann. 339 was discussed and relied upon. A reading of that opinion discloses that although more than 15 days had elapsed from the issuance of the writ in favor of the plaintiff, and the opposition filed by the lessor, nevertheless the property had not been removed from the leased premises and the court correctly held that "the defendant had not been di-

vested of his title to the property thus seized."

It is argued by respondents that, although there is language in some of the cases referring to the fifteen-day period as a prescriptive period, such is not the case and the fifteen days granted to the lessor by Article 2709 of the LSA–Civil Code is an extension of his right to seize the property of the lessee on the leased premises. They argue that since the necessity for seizure by the lessor under the statute is eliminated, as held in Robinson v. Staples, 5 La.Ann. 712; Case v. Kloppenburg, 27 La.Ann. 482; Robb v. Wagner, 5 La.Ann. 111; Arick v. Walsh, 23 La.Ann. 605, it necessarily follows that the necessity of the fifteen day extension is likewise eliminated and the provision therefor would cease to apply. In this interpretation of the law, respondents are mistaken for the provisions of Article 2709 of the LSA–Civil Code are clear and explicit: "In the exercise of this right, the lessor may seize the objects, which are subject to it, before the lessee takes them away, or within fifteen days after they are taken away, if they continue to be the property of the lessee, and can be identified."

Respondents contend that as long as the property was in custodia legis that irrespective of the fact that 87 days had elapsed from the time the property was removed from the leased premises at the instance of the relator, until the respondents filed their third opposition, that they were still entitled to assert their lessor's lien and privilege

thereon. They contend that the removal of the property from the leased premises by the court is not such a removal as contemplated by Article 2709 of the LSA–Civil Code. Citing the cases of Robinson v. Mc-Cay, 8 Mart.,N.S., 106 and Conrad v. Patzelt, 29 La.Ann. 465. The facts in those cases make them inapposite to the conclusion herein that the provision in Article 2709 relative to the fifteen day period means that the lessor must assert that right before the lapse of that time when the movables have been removed from the leased premises.

Counsel for respondents cites language from Bistes v. Checker Cab Co., 13 La.App. 456, 126 So. 712, 713, which instead of upholding his contention destroys it, viz.:

"In the second place, it seems to us that the intention of the framers of the Civil Code, as expressed in articles 2705 to 2709 thereof, was that the essential requirement to the existence of the lessor's privilege should be the presence on the leased premises of the movables to be seized. Article 2709 recognizes an exception, and permits a seizure under the lessor's privilege for fifteen days after the removal of the movables. This article was inserted for the protection of the lessor, so that the lessee, without the knowledge of the lessor, could not remove the articles and thus deprive the lessor of his privilege. But, even in such case, the privilege exists for only fifteen days * * *."

The case of Union Securities Co. v. Neal, supra, relied upon by the court of appeal is not decisive of this matter and in relying upon such decision the court of appeal was in error. Under the very express wording of Article 2709, the lessor must assert his claim within fifteen days after the removal of the property from the leased premises or he loses his lien and privilege.

For the reasons assigned, the judgment is reversed and set aside and it is now ordered and decreed that there be judgment ordering the Sheriff of Caddo Parish to pay to Vernon H. Edmonds the proceeds resulting from the Judicial sale with preference and priority over third opponents, Joseph Pernici and Anthony Pernici. All costs to be paid by respondents.

HAMITER, J., dissents with written reasons.

HAMITER, Justice (dissenting).

The lien of a lessor—his right of pledge —is created by LSA–Civil Code, Articles 2705, 2706 and 2707.

The enforcement or the exercise of such right of pledge, on the other hand, is provided for by the following provisions:

"In the exercise of this right, the lessor may seize the objects, which are subject to it, before the lessee takes them away, or within fifteen days after

they are taken away, if they continue to be the property of the lessee, and can be identified." LSA–Civil Code, Article 2709.

"The lessor may seize, even in the hands of a third person, such furniture as was in the house leased, *if the same have been removed by the lessee,* provided he declare on oath that the same has been removed without his consent, within fifteen days previous to his suit being brought." Code of Practice, Article 288. (Italics mine.)

Under these quoted provisions, as I appreciate them, the lessor may enforce or exercise his statutory lien (granted by the other articles mentioned above) by seizing the objects which are subject to it, provided that he makes the seizure while they are on the leased premises or within fifteen days *after the lessee takes them away.*

In the instant case the pledged objects were removed from the leased premises by the sheriff pursuant to a writ of fieri facias; they were not taken away by the lessee. They became in "custodia legis", thereby rendering impossible an exercise of the lessor's right of pledge by a seizure of them. For the lessor to make a seizure the enlistment of the services of the sheriff would have been necessary; and surely such official could not seize that which he already had in his custody.

As a consequence of the obstacle preventing an enforcement of the lessor's lien the

prescription of fifteen days (provided for in LSA–Civil Code Article 2709 and Code of Practice, Article 288) was, in my opinion, suspended. And the suspension endured to the day of sale, for the sheriff did not relinquish his custody of the property prior to that time. See Robinson v. McCay, 8 Mart.,N.S., 106.

Accordingly, and since the right of pledge involved herein was in no manner adversely affected, the third opposition of this lessor, filed prior to the sale and in which he claimed preferential payment from the proceeds, was timely.

I am of the belief that the judgment of the Court of Appeal is correct. Therefore, I respectfully dissent.